M. D. L. RANKIN *et als.* *v.* NATHAN R. WARNER **by**
next friend, etc.

1. PLEADINGS. *Persons of unsound mind may prosecute suits in their own name.*
A suit may be prosecuted by a person of unsound mind in his own
name.

2. DEED. *Persons claiming under bound by its recitals.* Persons claiming
under a deed are bound by its recitals adverse to their interest.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby
county.    C. W. HEISKELL, J.

W. M. RANDOLPH for Rankin.

GEO. GILLHAM for Warner.

TURNEY, J., delivered the opinion of the court.

On the 10th day of February, 1860, G. L. Holmes,
Elizabeth Holmes, Geo. C. Holmes and W. R. Holmes,
made their several deeds respectively to Samuel Ran-
kin, Wm. Sigler, and Turner W. Hines, conveying to
each a portion of a tract of land in Shelby county
containing about 700 acres.

In each of said deeds the following language oc-
curs, viz:

"Whereas, the title to the real estate hereinafter

mentioned is vested in Nathan R. Warner, who is now, and has been for a long period of time, as he will in all human probability continue, *non compos mentis*. And whereas, the parties hereinafter mentioned are the immediate relations, the mother, step-father, and half-brother of said Nathan R. Warner, to whom, in case of his death without issue, the real estate herein conveyed will descend as to his right heirs; and whereas, the parties are willing to sell to ——— (naming the purchaser), and he (naming the purchaser) is willing to purchase said real estate and receive therefor such title as the parties executing this conveyance can impart. Now, therefore," etc., and concluding with a covenant to "forever warrant and defend the title," etc.

On the 8th of September, 1874, Nathan R. Warner instituted in the Circuit Court of Shelby county actions of ejectment in his own name.

On the 28th of September, 1874, the day of the filing of the declarations, this order appears of record, "it appearing to the satisfaction of the court that the plaintiff is a lunatic, and that Mrs. Laura C. Holmes is a proper person to act in such capacity, and upon her motion she is allowed to appear and prosecute this suit as the next friend of said plaintiff, Nathan R. Warner, and defendants are required to plead in three days."

On the 29th of September defendants pleaded not guilty in each of the several causes now heard together, to which issues were joined January 16, 1875.

There were verdicts and judgments for plaintiff, and defendants appeal to this court.

It is first argued that no suit could be brought in the name of Warner if he were of unsound mind at the time of its institution. If this position were tenable, the plaintiffs in error would not be permitted to avail themselves of it now, for the reason that no such question is raised by the pleading, and for the further reason that before they were in court by their pleas, the insanity of the defendant in error was made to appear to the court, a next friend appointed, and the style of the cause changed, and the cause ordered to be prosecuted in the name of such next friend, pleas to the merits were filed, issue taken, and a trial had.

The defendants were regularly in court by summons, and presumed to have been present at the making of the order appointing the next friend, and making no objection, are presumed to have waived it if any even in fact or law existed. If the objection had been taken in proper form the question recurs, would it have availed? We think not. The title to the estate sued for was in the *non compos*, the right of action was his, and he was a necessary and indispensable party to any proceeding instituted for its recovery, and any recovery had would enure to his benefit alone with no title or interest to or in a guardian or next friend. The object of the rule requiring a next friend in the prosecution of suits for the use of persons under disability, is to have some one responsible for costs and liable to judgment

Rankin *v.* Warner.

therefor, and to have some one upon and against whom the court may make and enforce its orders, and who will be subject to punishment for contempt in case of disobedience to or violation of the mandates of the court, and for the more' especial purpose that there may be some one before the court capable of looking after, taking care of, and protecting the interests of those incapable of understanding and defending their own rights.

The defendant may, by proper steps at the right time, compel the presence of next friend or guardian. If both parties fail to ask it otherwise, the suit may proceed to a final determination in the name of the plaintiff under disability.

The law mainly designs to protect the weak and dependent, and if the courts, seeing a suitor has rights or property entitled to their consideration and judgment, turn him out because no one will or does assume the role of guardian or next friend for him, they will certainly be guilty of a strange perversion of the object of their creation.

It is next insisted that the evidence offered to show the insanity of Warner is both insufficient and incomplete. The plaintiffs in error are not in a condition to make these questions. It appears from the proof made by one of themselves, introduced in behalf of all, that they were never in possession of, nor claimed any of the lands, until after their purchase and the execution of the deeds, that they then went

20—VOL. 2.

into immediate possession, and had paid the entire purchase money.

They show no other title. The deeds, as we have seen, recite the facts of insanity and their willingness to accept, for that reason, such title as the makers, the prospective heirs of Warner, can impart. They are estopped by this recital, by it the insanity is shown to exist, it continues to exist in contemplation of law until the contrary is shown, with the burden of so showing resting upon the plaintiffs in error.

In this view it is unimportant whether the evidence offered is sufficient or competent, as it was unnecessary for the defendant in error to make any at all upon the point, until plaintiffs in error had first removed the presumption by *prima facie* evidence.

Objection is made to the title of Warner to the land in controversy. The recital in the deeds that the title is vested in the plaintiff, estops the plaintiffs in error from denying his title.

Affirm the judgment