Ridgely *v.* Bennett.

1. PLEADINGS AND PRACTICE. *Writ of error.* The proper mode of proceeding to obtain a writ of error, after the lapse˙ of two years from the rendition of the judgment or decree, is by a petition, properly sworn to, stating the facts which take the petitioner's case out of the usual limitation.

·2. SAME. *Same. Motion to dismiss.* The appellee may contest the material facts of the petition by plea, and those facts will be taken as true upon a motion to dismiss the writ of error.

·3. SAME. *Same* A writ of error is in the nature of a new suit, and any person who brings himself within the saving of the statute is entitled to it as of right.

4. SAME. *Same. Infant.* Any person who will give the bond required by law may sue out a writ of error for an infant as his next friend.

5. SAME. *Same. Same. Married women.* The Code, sec. 3182, which authorizes infants and married women to prosecute writs of error within two years after the removal of disability, merely extends the time for suing out the writ, and the writ ˙may be sued out at any time within the extended period, whether the disability exist or has been removed.

FROM GIBSON.

˙Appeal in error from the Law Court at Humboldt. J. T. CARTHEL, J. ˙

JOHNSON & SHARP for Ridgely.

L. L. HAWKINS for Bennett.

COOPER, J., delivered the opinion of the court.

A motion has been made in this case to dismiss the writ of error granted by the court on April 10; 1884.

The suit was commenced on October 10, 1871, by petition filed in the Law Court at Humboldt by the administrator of R. H. Porter, deceased, against the widow and heirs of the deceased to sell lands descended for the payment of debts. Such proceedings were had in the cause that the lands were sold, and the cause retained for the collection and paying out of the proceeds of sale. The last order touching the assets seems to have been made in 1878. In 1883, the death of the original administrator was suggested and proved, and the cause revived in the name of Ridgely as administrator *de bonis non* of Porter. The marriage of Mary, one of the daughters of the deceased, was at the same time made known, and Scott Bennett, her husband, allowed to become a defendant. The original guardian *ad litem* of the infant heirs also then resigned, and a new guardian *ad litem* was appointed in his place. The writ of error was granted upon the petition of Bennett and wife, and the other heirs of the intestate Porter, three in number, by Scott Bennett' as their next friend. The petition, which is sworn to by Bennett and wife, states that the petitioning heirs were all infants at the institution of the suit, and during its progress, that Mary, now the wife of Bennett, came of age June

15, 1882, less than two years before the application for a writ of error, and that the other petitioning heirs are still under age.

Upon an application for a writ of error more than two years after the rendition of the decree or judgment sought to be reviewed, the proper mode of proceeding is by petition stating the facts which take the petitioners out of the ordinary period of limitation. They must establish a *prima facie* case which will entitle them to the writ under the statute. If the appellee contest the facts, he must do so by plea. A motion to dismiss the writ admits the facts to be as set out in the petition, or, at any rate, upon such a motion the facts will be taken as true. The truth of the statements of the present petition is not disputed in the argument submitted on the motion to dismiss.

By the Code, the period of two years from the rendition of the final judgment or decree is the extreme limit allowed persons *sui juris* to sue out a writ of error. But by the Code, section 3182, infants and married women "may prosecute writs of error within the time prescribed after disability removed." A writ of error is in the nature of a new suit, and may be obtained as of right by any person entitled to it, just exactly as he may sue out a summons in an ordinary action upon compliance with the prescribed requirements: *Spurgin* v. *Spurgin*, 3 Head, 23; *Mowry* v. *Davenport*, 6 Lea, 80. And persons who bring themselves within the saving of the Code, section 3182, are entitled, as of right, to the writ,

without reference to the relief they may be able to obtain by it: *Caldwell* v. *Hodsden*, 1 Lea, 305. The settled law of this State is that any person who will give the bond required by law, may bring an action in the name of an infant as his next friend: *Cargle* v. *Railroad Company*, 7 Lea, 718. A writ of error, which is in the nature of a new suit, may therefore be sued out by a next friend. The decrees for the sale of the lands of the estate and the disposition of the proceeds were final decrees, the subsequent references for reports being merely orders on further direction: *Caldwell* v. *Hodsden*, 1 Lea, 45. *Prima facie*, the petitioners were entitled to the writ of error in this case, and it was properly sued out.

The learned counsel who makes the motion to dismiss, seems to think that persons under disability must sue out a writ of error within the two years of the general law, and that if they fail to do so they cannot obtain a writ of error until after the disability is removed, and within two years from such removal. But this is a misapprehension of the law. The statute merely extends the time for suing out the writ until two years after the removal of the disability. And it was so expressly ruled in *Caldwell* v. *Hodsden*, 1 Lea, 305, as to one of the petitioners, who was a married woman when the suit sought to be reviewed was commenced, and during its progress, and when the application for the writ of error was made.

The learned counsel represents purchasers of the lands sold under the decrees below, and earnestly in-

sists that the writ ought not to be granted because the title of his clients cannot be affected, and the litigation would be to no purpose.    This may be so, if the proceedings are merely erroneous, not void. But, as we have seen, the writ is a matter of right, like an appeal, when the party shows himself entitled to it, whether the applicant can obtain any relief or not.

The motion must be disallowed.