## W. D. HOMER v. B. H. DUNCAN, et al.

Eastern Section. May 21, 1927.

Bowen & Bowen, of Knoxville, for appellant.

John F. Scott, of Knoxville, for appellee.

HEISKELL, J. This is a suit by Homer to enjoin the defendants, B. H. Duncan and Worley Harr from enforcing the collection of a judgment against complainant by garnishment.

The defendant, Duncan, was an insurance agent, soliciting life insurance for a corporation known as Harr, Collins & Anderson; and in the conduct of said business, solicited, and issued to the complainant, a life insurance policy, the first premium for which was paid by complainant by the execution of his promissory note to said Harr, Collins & Anderson, the exact amount of said note not

being shown either in the pleadings, or in the proof. The note representing payment of this premium was made payable to Harr, Collins & Anderson, as before stated, and was delivered to it by the defendant Duncan, said note maturing six months after date. Harr, Collins & Anderson was succeeded in business by a corporation known as Harr, Storchi & Anderson, and the latter named corporation purchased all of the assets of the first named corporation, including the note in controversy in this case.

Said note was not paid at maturity, and about seven months thereafter, to-wit, on the 4th day of April, 1921, Harr, Storchi & Anderson brought suit on said note before J. R. Ailor, Justice of the Peace for Knox county, and on the 6th day of April, 1921, judgment was rendered thereon in favor of said Harr, Storchi & Anderson, for the sum of $32.71 and costs.

The insurance agency finally failed and went into voluntary bankruptcy, and its affairs were wound up by that court. The trustee in bankruptcy sold and transferred all of the notes, accounts, and judgments, of said bankrupt to the defendant, Worley Harr.

On, or about, the 1st day of October, 1925, the defendant, Worley Harr, present owner of said judgment, caused an execution to be issued upon said judgment, and the same was levied by garnishment upon the Southern Railway Company, the employer of complainant; and as a result thereof, complainant's wages were impounded, and he thereupon filed his original injunction bill in this cause, undertaking to set aside said judgment, and procured an injunction restraining these defendants from further proceeding in the enforcement of the collection of said judgment.

The complainant alleges in his bill, first, that at the time he executed the note in question, he was an infant, under twenty-one years of age, and that shortly after the execution of said note, he avoided said contract by a cancellation of the policy; and, second, that he was never served with process at the time the suit was instituted and judgment rendered by the Justice of the Peace and that said judgment is, therefore, void.

The defendant Duncan filed a demurrer to said bill, setting up the fact that no relief whatever was sought against him, and prayed that the bill be dismissed as to him. Said demurrer was heard by the Chancellor on the 6th day of April, 1926, and by him overruled, with the right to said defendant to rely thereon at the hearing.

Thereupon, both defendants filed answer to said bill, the defendant, Duncan, stating his interest in said suit; and the defendant, Harr, denying all material allegations made in said bill.

The cause was heard by the Chancellor on August 12, 1926, and a decree entered against defendants, in favor of complainant, and granting to him all the relief sought in his original bill, and

setting aside the defendant Harr's judgment obtained against complainant for $32.71, and costs, and taxing these defendants with all the costs.

The Chancellor found as facts in the case that the judgment rendered by the Justice of the Peace was purchased by the defendant Harr from the trustee in bankruptcy of Harr, Storchi & Anderson; that the defendant Duncan claimed an interest in said judgment, and had caused an execution to issue thereon; that the judgment was upon a note executed by complainant during his minority for an insurance premium, and that he was not bound by his contract either upon his insurance application, or upon the note executed by him. He further found that the insurance policy for which the note in question was executed, was never delivered to complainant, and that the application for said insurance was cancelled a few days after the execution of the note; and that the complainant Homer was never served with process at the time judgment was rendered on said note before the justice, and that said judgment was, therefore, void.

From this decree, the defendants have appealed and assigned errors. There are five assignments, but the brief filed for appellants contains this:

"The only question involved in this lawsuit is covered by the fourth assignment of error, to-wit, was the complainant, Homer, served with process at the time he was sued upon this note before the Justice of the Peace, on April 4, 1921?"

Manifestly this is true. If the complainant was not served with process, then the injunction in this case was properly granted and properly made perpetual and errors of the Chancellor on other questions are immaterial, and if complainant was served with process when sued on April 4, 1921, after he became of age, before Ailor, Justice of the Peace, then he was bound to set up in that suit all available defenses and if he did not do so but allowed judgment to go by default he cannot now obtain any relief under the allegations and facts of this present suit.

The bill alleges that there appears on the docket of J. R. Ailor, a Justice of the Peace for Knox county, a judgment for $32.71 and costs in favor of Harr, Collins & Anderson, entered on the 6th day of April, 1921. If the summons had been produced at the hearing, with the return of the officer showing service on complainant, W. D. Homer, the question would not be debatable, because there is no proof to support the contention of complainant except his denial that he was served.

The absence of the summons and the note is accounted for by the deposition of Frank P. Bowen, counsel for the defendant in this case. His testimony in part is as follows:

"I have seen and examined the original warrant issued by J. R. Ailor, Justice of the Peace, for Knox county, on the 4th day of April, 1921, in the case of Harr, Collins & Anderson v. W. D. Homer. I have also seen and examined the officer's return on said warrant, which shows that the same was served on the defendant in that case by W. A. Channaberry, constable for Knox county, citing him to appear for trial on the 6th day of April, 1921, and said return was signed by the said Channaberry as constable aforesaid.

"The warrant and the note on which that suit was based were brought to my office by the defendant Duncan on or about the 26th day of May, 1926, and I placed the same on my desk for the purpose of using them in the taking of the defendant's proof; but in some way the warrant and the note became lost or misplaced and I have been wholly unable to find them after making diligent search."

On cross-examination he says: "I am familiar with the signature and handwriting of the court and can swear positively that the judgment is in the handwriting of Squire Ailor, Justice of the Peace, before whom the suit was brought."

It can scarcely be doubted that Mr. Bowen was anxious to find those papers if he could have done so. His testimony must be taken, in the absence of any other evidence on this point, as equivalent to the production of the original summons with the return of W. A. Channaberry, constable, showing service on W. D. Homer. The deposition of W. A. Channaberry was taken after the loss of the summons and he says:

"Q. Do you know, Mr. Channaberry, where that warrant and the note attached to that warrant are at the present time? A. I do not; I haven't seem them since I served them, I don't think.

"Q. Regardless of whether you have seen these papers since the date of their service, state whether or not you recall having served the warrant on the complainant Homer in that case? A. I can't remember distinctly but I know that Mr. Acuff told me he was there—he had phoned some one and I went out and served the papers, I am sure.

"Q. What Acuff is that you have reference to? A. Mr. Harmon Acuff, the attorney in the case."

Channaberry says he has been a .constable for thirty years; that he never made a return of service unless he had made the service; that in 1921 he was working out of the office of J. R. Ailor, Justice of the Peace and handled practically all the warrants issued by him.

The evidence to sustain the contention of complainant that he was not served with process is his own statement that he was not

served and his mother's statement that she does not know of his being served. It is true complainant and his mother and sister, Mrs. Sweet, all swear that complainant was not in Knoxville on April 4, and 6, 1921, but it is admitted they were mistaken as to this when the records of the Southern Extract Company of Knoxville were examined and they showed that complainant was employed by that company in Knoxville during the whole month of April, 1921. Duncan says Mrs. Dora Homer, the mother, told him that complainant had been served with process and besides her testimony that she did not know of his being served could have little weight, so that the contention of the complainant rests upon his own denial and this is weakened by the breakdown of his attempted alibi. He is just as positive that he was out of the city as that he was not served, and the fact that he was mistaken as to where he was, goes to show that he might have been mistaken as to being served with process. Besides, he says he was nineteen years of age when he signed the note. Duncan says the note was executed thirteen months before it was sued on which would make it March 4, 1920, at which time complainant was twenty years old as his sister, Mrs. Sweet says he was born February 22, 1900. His mother says he was eighteen, nineteen or twenty at the time he signed the note showing that she is an inaccurate witness about a matter as to which a mother is supposed to have most accurate information. This taken in connection with her admitted mistake as to his being out of the city during April, 1921, and the testimony of Duncan as to her admission to him, destroy all support from her testimony.

It is argued that defendant should have introduced Ailor, the Justice of the Peace, to trace the summons, and should have asked Duncan about taking the papers to Bowen. Perhaps this would have been good practice, but the burden was strongly upon the complainant to disprove the service of process. He was carrying the burden very well with his alibi until it broke down. This left the preponderance decidedly in favor of the defendants and if any further proof was available, it was incumbent on the complainant to offer it. As the record stands, we find that the complainant has failed to sustain the contention of his bill, but that he was served with process in the suit on the note, which resulted in the judgment of April 6, 1921.

Complainant was born February 22, 1900, and therefore was of age when sued on April 4, 1921. Being served with process and notified to appear and defend on April 6, he was bound to make all his defenses, if he had any. He allowed judgment to go by default. The magistrate had jurisdiction, and so far as any attack is made on it in this suit is concerned, the judgment is valid. The complainant being of age when sued was bound to plead his minority at the time

the note was executed as well as any other defense or be forever barred. Wheaton v. East, 5 Yerg., 41; Scott v. Buchanan, 11 Humph., 468.

This view of the case makes it unnecessary to consider other assignments and other questions discussed. Complainant insists that Duncan promised his mother to cancel the application and the policy. Complainant and his mother say this was in a few days after the note was signed. Duncan says he had no authority to cancel anything, denies any such promise and says Mrs. Homer did not speak to him about the matter until she told him the complainant had been sued and served with process. However the facts may be, whatever defense complainant had if any, growing out of said transaction, is now precluded by the judgment.

The decree of the Chancellor is reversed and decree will be entered here in favor of the defendants against the complainant and the sureties on his injunction bond for the judgment, interest and costs.

Owen and Senter, JJ., concur.