# S. M. BLALOCK et al. v. IRENE TEMPLE.
# S. M. BLALOCK et al. v. WILLIAM A. TEMPLE.
## —276 S. W. (2d) 493.

Eastern Section. November 16, 1954.

Petition for Certiorari denied by Supreme Court, March 11, 1955.

464

O. M. Tate, Jr., of Knoxville, and W. Henry Ogle, of Sevierville, for plaintiffs in error.

Townsend & Hailey, of Sevierville, and Poore, Cox, Baker & McAuley, of Knoxville, for defendants in error.

HOWARD, J.   These consolidated actions for damages grew out of a fight between the defendants, S. M. Blalock

and James Bales, ages 32 and 30 respectively, which occurred on the night of March 23, 1953, about 8 p.m., at the filling station-store owned and operated by the plaintiffs, William A. Temple and wife, Irene Temple, located about 6 miles northwest of the town of Sevierville on the Knoxville-Sevierville Highway. Blalock, Bales and Raymond De Lozier, who was also a defendant below, had been riding together for some time in the latter's automobile, and just previous to the fight had driven to the plaintiffs' store to settle a friendly bet of $1 made between DeLozier and Blalock as to the amount of gasoline it would take to fill the gas tank of the car.

Upon arrival at the plaintiffs' filling station-store, the parties got out of the automobile and DeLozier filled his gas tank, after which an argument ensued between DeLozier and Blalock as to who had won the bet. During this argument Bales, who was present when the bet was made, intervened in behalf of DeLozier, his intervention subsequently resulting in the fight with Blalock which lasted two or three minutes before the parties were separated by bystanders. After they were separated Blalock entered the plaintiffs' store, followed shortly by Bales where both purchased coca colas, Blalock drinking his while sitting on a divan immediately to the left of the entrance, and Bales drinking his while standing about 10 feet away beside the coca cola box to the right of the entrance and only a few feet therefrom. Meantime DeLozier, apparently realizing that there might be another fight, left in his car and plaintiff, Mrs. Temple, being unaware of the fight, entered the store and sat down on a couch near Blalock. After finishing his coca cola Blalock got up and started in the general direction of Bales and the entrance, at which time Bales apparently believing that Blalock intended to renew the fight, threw his bottle

at Blalock, the bottle missing him and striking one of the double doors at the entrance, shattering the glass therein and breaking said bottle, a piece of the glass striking Mrs. Temple in the right eye, resulting in its complete loss and removal.

In separate actions the plaintiff Irene Temple sued Blalock, Bales and DeLozier for damages for the loss of her eye, mental suffering, etc., and her husband William A. Temple sued said defendants for loss of his wife's services and medical expenses, the two declarations alleging in substance that the plaintiffs' injuries and damages were the result of the defendants' unlawful, wilful and wrongful acts. Each of the defendants filed pleas of general issue, and by agreement the cases were consolidated.

Following the introduction of the plaintiffs' evidence the defendant DeLozier moved for a directed verdict, which motion was overruled and he elected to rest his case. Motions for directed verdicts made in behalf of Blalock and Bales at the conclusion of all the evidence were likewise overruled, and the trial resulted in jury verdicts for the plaintiffs against the three defendants, as follows: For Irene Temple $15,000, and for her husband William A. Temple, $2,000.

On motions for a new trial the trial court sustained De-Lozier's motion, granting him a new trial and a directed verdict. The motions of Blalock and Bales were overruled, judgments entered, and they have appealed to this court where several errors have been assigned on behalf of Blalock and only one on behalf of Bales.

We shall first dispose of the assignments of error filed on behalf of the defendant Blalock, the first being (1) there was no evidence to support the verdict of the jury, and (2) the trial court erred in refusing to sustain his

motion for a directed verdict made at the conclusion of all the evidence.

■■ On appeal, after denial of motion for new trial this court, in its review, does not weigh the evidence but considers only whether there is any material evidence to support the verdict, and in such review we are required to take the strongest legitimate view of all the evidence favorable to the plaintiff, disregard all to the contrary, and indulge all reasonable inferences to uphold the verdict. Cherry v. Sampson, 34 Tenn. App. 29, 232 S. W. (2d) 610; Short Way Lines v. Thomas, 34 Tenn. App. 641, 241 S. W. (2d) 875. And only where one conclusion can be reasonably reached from the evidence and inferences, is it proper for the trial court to direct a verdict in jury cases. Coca Cola Bottling Works v. Selvidge, 4 Tenn. App. 558; Supreme Liberty Life Ins. Co. v. Pemelton, 24 Tenn. App. 576, 148 S. W. (2d) 1.

In the present cases the evidence shows that Blalock, Bales and DeLozier had been together for several hours before they drove to the plaintiffs' place of business for the purpose of settling the argument between Blalock and DeLozier as to the amount of gas DeLozier's car had used. They had had several drinks of whiskey together, which probably contributed considerably to the inexcusable misconduct of Blalock and Bales. Except for DeLozier who left immediately after the fight started, neither Blalock nor Bales indicated either by word or act that he wished to abandon the fight, for both of them subsequently appeared to be dissatisfied with the way it had terminated; that Blalock on entering the store stated, "I gave him a part of what I have been wanting to give him all day," and after Bales entered the store they continued to show their ill-feelings by glaring at each other from their respective positions while having their

drinks. Neither spoke to the other before the bottle was thrown, nor did they take their eyes off each other. After finishing his drink Blalock got up from the divan and holding the neck of the bottle in his right hand, he walked in the general direction of Bales, who threw his bottle at Blalock when they were 6 to 8 feet apart, and immediately thereafter they engaged in a second fight which lasted until they were separated by third parties.

In his testimony Blalock denied approaching Bales with a bottle in his hand, and testified that he had no intention of renewing the fight after entering plaintiffs' store; that he was leaving the store and was near the double doors at the entrance when Bales threw the bottle at him.

■ As will be observed from the foregoing review, there were sharp conflicts in the evidence. These conflicts, under our decisions, presented questions for the determination of the jury, and the jury having resolved said conflicts in favor of the plaintiffs and against the defendants, we are bound thereby. Accordingly, we find there was ample evidence to support the verdicts.

■ The rule is well settled that where two or more persons engage in an unlawful act and one of them commits a serious, civil injury upon a person not engaged therein, all are equally liable for damages to the injured party. Cogdell v. Yett, 41 Tenn. 230; Kirkwood v. Miller, 37 Tenn. 455; 52 Am. Jur., Sec. 111, p. 450, Sec. 116, p. 455.

Under assignments 2 and 9 Blalock complains because the trial judge charged as Bales' theory justification and self defense, and because the trial judge refused to charge Blalock's special request No. 1, the substance of which was to the effect that justification and self defense were not available to Bales under his plea of general issue. It appears that Bales testified that he threw his

bottle at Blalock because Blalock was advancing on him at the time. No objections were interposed by either the plaintiffs or Blalock to this line of testimony, and whatever may have been Bales' plea and proof, both were presented against the plaintiffs and not against his codefendant, Blalock, and those assignments are without merit. Moreover, this court will not reverse a judgment for alleged errors in the trial court's charge unless it shall affirmatively appear that the error complained of affected the results of the trial. Code Section 10654.

Assignment 3 complaining because the trial court charged the plaintiffs' theory of the case will be overruled, as the theory charged was supported by credible evidence. Besides, it is not error for a trial judge to outline the contentions and theories of the respective parties in his general charge to the jury, as was done, in the instant cases. Memphis Street Ry. Co. v. Shaw, 110 Tenn. 467, 75 S. W. 713; McElya v. Hill, 105 Tenn. 319, 59 S. W. 1025.

Under assignments 4, 5, 6, 7 and 8 it is charged on behalf of Blalock that portions of the trial court's charge to the jury were prejudicial to him, said portions relating specifically to the question of whether the fight which occurred inside the store was a continuation of the fight which the parties first engaged in outside. It is argued that there was no competent evidence to support these portions of the charge, or that Blalock participated voluntarily in the second fight.

We have heretofore reviewed the evidence at considerable length and have found that there was ample evidence from which the jury could find that the second fight was a continuation of the first fight, and under the circumstances a further discussion of the facts would not only be repetitious but would unnecessarily prolong this opin-

ion. Moreover, it is the duty of the trial judge to charge the law applicable to the facts presented in the evidence, and in this respect we think that the charge was fair, and we, therefore, find no merit in these assignments.

■ Assignment 10 complains of the trial court's refusal to charge Blalock's request No. 2, the substance of which was that if Blalock withdrew from the first fight and did nothing inside the store to show an intent to continue the fight, and Bales threw the bottle at him without cause, then Blalock would not be liable. We find no error in the court's refusal to charge the foregoing request because the substance contained therein had already been covered in the general charge. To deny a special request, the substance of which has been covered in the general charge, is not error. Spivey v. St. Thomas Hospital, 31 Tenn. App. 12, 211 S. W. (2d) 450; Carman v. Huff, 32 Tenn. App. 687, 227 S. W. (2d) 780; Central Truckaway System v. Waltner, 36 Tenn. App. 202, 253 S. W. (2d) 985.

■■ Finally we find no merit in the assignments filed in behalf of both the defendants that the verdicts, of the jury were excessive. Mrs. Temple, who was 52 years of age, lost her right eye completely and suffered much physical pain. She was in the hospital under treatment of eye specialists for more than a week, and her medical expenses totaled more than $400. She testified that the loss of her eye had greatly impaired her vision and that she was having considerable difficulty in performing her household duties as well as working in the store, as she had previously done.

Amounts allowable as damages for personal injuries in tort actions are not measured by fixed rules of law, but rest largely in the discretion of the jury; and a jury's verdict approved by the trial judge is entitled to great

weight in this court, in the absence of the showing of fraud or corruption. Reeves v. Catignani, 157 Tenn. 173, 7 S. W. (2d) 38; Town of Clinton v. Davis, 27 Tenn. App. 29, 177 S. W. (2d) 848; City Water Co. v. Butler, 36 Tenn. App. 55, 251 S. W. (2d) 433.

Accordingly all assignments of error will be overruled and the judgments below will be affirmed at defendants' costs.

McAmis, P. J., and Hale, J., concur.