H. L. GOODALL, JR., by Next Friend, SOLON FITZ-
PATRICK, v. BENNIE DOSS, by Next Friend, HOL-
LIS DOSS. —312 S. W. (2d) 875.

Middle Section. February 28, 1958.

Certiorari denied by Supreme Court May 2, 1958.

146

Solon Fitzpatrick, Carthage, for plaintiff in error.

C. R. Jent, LaFayette, Harold Howser, Gallatin, for defendant in error.

I

SHRIVER, J.   The plaintiff below, Bennie Doss, a minor 18 years old, brought suit by next friend against H. L. Goodall, Jr., a minor also 18 years old (19 at the time of trial), to recover for personal injuries received by him May 25, 1956, when the automobile, driven by defendant, and in which plaintiff was riding as a guest, left the road on a curve, jumped a ditch and an embankment and came to rest in a field some 40 or 50 feet from the road. · Plaintiff was thrown from the car and received serious and permanent injuries.

As shown by the testimony and exhibits, the point where the car left the road was on a sharp curve as it

entered a hair-pin turn and there were gravel shoulders where it ran off.

The testimony indicates that the car was traveling at about 50 miles an hour at the time in question.

Defendant, who was a friend of plaintiff, invited him to ride to Portland, Tenn., some miles distant, to attend the Strawberry Festival. Another young man, Dorris Bray, accompanied them. The car belonged to defendant's father but he had permission to use it. Defendant was driving, Bray was in the middle and plaintiff was on the outside, all on the front seat, and it was about 8:00 o'clock P. M. when the accident happened.

The case was tried before Judge Robert S. Brady and a jury and resulted in a judgment for the plaintiff in the amount of $10,000. The motion for a new trial was overruled and the cause appealed in error to this Court.

## II

### Assignment of Errors

Defendant assigned numerous errors which will be considered separately.

*Assignments 1 and 2* are to the effect that there is no evidence to support the verdict in that the defendant was not shown to have been guilty of any negligence.

Counsel for defendant earnestly urges on the Court that the plaintiff himself stated that defendant had been driving carefully up to the time of the accident and that the evidence shows that there was a blow-out of the right rear tire which caused the accident in question, and that this tire which had just been put on the wheel of the car

that day, it having been previously used as a spare tire, showed no evidence of weakness. Therefore, it is insisted, the accident was unavoidable and not the result of any negligence of defendant.

On the other hand, it should be pointed out that the evidence shows that the car was being driven at about 50 miles per hour at the time it left the road. The curve into which it was entering was a very sharp one with gravel shoulders and, immediately before the entrance to the curve, there is an "S" curve sign and a warning sign which reads "20 miles safe speed." To. reach the point where the car came to rest after it left the road it was necessary to cross a ditch from 24 to 30 inches deep and to go over an embankment 2 or 2½ feet high. No cars were being met or passed at the time of the accident, however, there is evidence to the effect that the defendant had been watching the red tail-light of a car in front of him for some distance, and the theory was advanced,—and it is possible to draw such a conclusion from the evidence,—that the plaintiff, on glancing up and seeing the tail-light of this car across and around the hair-pin curve in front, inadvertently steered his car in the direction of said tail-light which took him across the curve and off the road.

Plaintiff was knocked unconscious and when he regained consciousness he was about ten feet from the car in which he had been riding and was lying some 30 or 40 feet from the road and the car was some 10 feet beyond him.

As to the blow-out, plaintiff insists that he heard nothing about a blow-out until long after the accident

had occurred. He testified that he did not hear any noise such as a blow-out at the time of the accident.

There is a statement which indicates that some woman in the vicinity of the wreck had stated that she heard a noise like a pistol shot about the time of the accident. Also the defendant states that he heard a popping noise but did not know whether it was a blow-out.

■ On this point, the evidence is conflicting and the jury may have concluded that if the tire blew out, it did so when it hit the ditch or the embankment after it left the road, and was not, necessarily, the cause of the accident.

■ If we take the view of the evidence most favorable to plaintiff, as we are bound to do, it is seen that there is evidence to support the verdict. See Jarratt v. Clinton, 34 Tenn. App. 670, 241 S. W. (2d) 941; De Rossett v. Malone, 34 Tenn. App. 451, 239 S. W. (2d) 366.

Therefore the first two assignments are overruled.

We pass assignment No. 3 for consideration later in this opinion.

*Assignment No. 4* asserts that the Court erred in not declaring a mistrial on the motion of defendant when the plaintiff, Bennie Doss, was testifying about signing a statement and was asked by his attorney "Who was there?", and he answered "Two men. Two Insurance Adjusters."

*Assignment No. 5* is to the effect that the Court erred in not instructing the the jury to disregard the above statement of the plaintiff.

It may be pointed out that the language objected to was in response to a question by counsel for the defendant, and, as is stated by counsel for plaintiff, it was no more than an effort to make a sensible answer to the question asked him. No further reference to insurance was made. It does not appear that plaintiff or his counsel tried to improperly influence the jury with respect to this matter, and the Court sustained the defendant's exception as to the identity of the parties. However, the Court was not requested to instruct the jury to disregard this statement.

In Thomason v. Trentham, 178 Tenn. 37, at pages 40-41, 154 S. W. (2d) 792, at page 793, 138 A. L. R. 461, this whole question was thoroughly discussed and our harmless error statute applied, it being pointed out by the Court that, under the Act of 1911, probabilities and tendencies of errors in the trial below are not to be considered grounds for reversal. There must be an affirmative appearance that the error affected the result of the trial. And we think that has not been shown here. Also, see, Seals v. Sharp, 31 Tenn. App. 75, 212 S. W. (2d) 620 and Finks v. Gillum, 38 Tenn. App. 304, 273 S. W. (2d) 722.

It results that assignments 4 and 5 are overruled.

*Assignment No. 6* is that the verdict is so excessive as to indicate passion, prejudice or caprice.

Considering the age and condition of plaintiff, the type of injuries he received and the evidence as to his disability, etc., we are unable to conclude that the verdict is so excessive as to indicate passion, prejudice or caprice, and, therefore, this assignment is overruled.

*Assignment No. 7* asserts that the Court erred in not permitting the plaintiff's witness, Hollis Doss, father of complainant, to be examined and cross-examined before the jury about certain funds that he had in his hands as guardian of his son, Bennie Doss.

■ We are of opinion that the Court ruled properly in excluding this evidence from the jury as it was irrelevant both as to the facts of the case on trial and as to the credibility of the witness.

*Assignment No. 8* is a repetition of assignments 1 and 2, that there is no material evidence to support the verdict, which question had been disposed of hereinabove.

■ *Assignment No. 9* complains of the Court's refusal to admit certain evidence concerning a football scholarship mentioned by plaintiff in his testimony.

An examination of this testimony shows that plaintiff did not claim that he was ever awarded a scholarship to play football and that the injury prevented him from accepting said scholarship.

The Court committed no error in ruling as it did on this evidence, therefore this assignment is overruled.

*Under the 9th assignment* counsel for defendant argues that the relation of plaintiff and defendant as host and guest was created by their mutual agreement or contract, and that, since the defendant was a minor at the time, he is not liable for damages for a tortious breach of contract. In other words, defendant asserts that minors are not responsible for torts arising out of a breach of contract. He argues that, while the proof sustains the charge in the declaration that plaintiff was a guest in

the car of defendant, this created a contractual relation between them.

After citing a number of authorities to the effect that a contract of an infant for performance of labor or personal services is voidable at his election, counsel states:

"This is pertinent here because, the defendant did not have to take the plaintiff to Portland, nor did the plaintiff have to go with him, but when the defendant tendered his services to the plaintiff to take him to Portland, and the plaintiff accepted the offer and got in the car to go to Portland, that agreement created an obligation on the defendant to use ordinary care not to injure the plaintiff in taking him to Portland, and if he didn't that was a breach of that implied agreement, and the defendant being a minor he would not be liable to plaintiff in damages."

In Wilson v. Mullen, 11 Tenn. App. 319, it was said, quoting from Cooley on Torts (2 Ed.) p. 120, "The general rule is that an infant is responsible for his torts, as any other person would be."

Further quoting with approval from Cooley on Torts, p. 114 the Court said:

"A blow by a youth of eighteen may inflict as serious an injury as a blow by a man of mature years, and if, therefore, redress is the object of the law, the party injured should have the same redress in the one case as provided for him in other other." Citing Lowery v. Cate, 108 Tenn. 54, 64 S. W. 1068, 57 L. R. A. 673; 31 C. J., 1093; 43 C. J. S. Infants sec. 91.

Again the Court, quoting from 31 C. J., p. 1115, said, "An infant, being liable for his torts, may of course be sued therefor." See, also, 43 C. J. S. Infants sec. 104.

■ As is said in 1 Am. Jur. 443, par. 51, "If the relation of the plaintiff and defendant is such that a duty to take due care arises therefrom, irrespective of the contract, and the defendant is negligent, then the action is one of tort."

■ Again the rule is stated in 43 C. J. S. Infants sec. 91, p. 207, as follows:

"The general rule that an infant may be guilty of actionable negligence applies to the negligence of an infant in operating a motor vehicle. An infant cannot avoid liability for his negligence merely because the injured person was an occupant of the automobile pursuant to an alleged contract with the infant, where such contract has no relation to, or connection with, the infant's negligence, but an infant is not liable to the injured person where, notwithstanding the action sounds in tort, such action is merely an indirect method of enforcing liability on a contract."

■ We think that the action in the case at bar is essentially one in tort and not in contract and that, therefore, the rule that minors are not responsible for their torts arising out of a breach of contract, as in the case of Lowery v. Cate, 108 Tenn. 54, 64 S. W. 1068, 57 L. R. A. 673, does not apply here.

As to *assignment No. 3:*

We come now to what is perhaps the most serious question raised by plaintiff in error, which is Assignment No. 3, as follows: "The Court erred in overruling the

defendant's fourth ground of his motion for a new trial, to-wit: 'The defendant is a minor 19 years old, and no guardian ad litem was appointed to defend the suit for him.' ''

It is to be noted that, after the declaration was filed in Dec. 1956, a plea of the general issue was filed by the defendant's attorney of record in Feb. 1957, and no question of the minority of the defendant was ever made until the motion for a new trial was filed in June 1957, when it was raised for the first time.

In Homer v. Duncan, 7 Tenn. App. 674, it was said, that in an action to enjoin the collection of a judgment where it was shown that the judgment was based on a note which was executed while the complainant was an infant, the defense of infancy should have been pleaded at the trial and having not been pleaded and judgment entered, the judgment was valid.

However, as was pointed out in Magevney v. Karsch, 167 Tenn. 32, 65 S. W. (2d) 562, 92 A. L. R. 343, the rights of an infant disclosed by the evidence will be protected by the Court without regard to the pleadings.

In Wilson v. Mullen, 11 Tenn. App. 319, at page 336, the Court stated that it did not appear that either of the minor defendants sought to interpose their minority as a defense, nevertheless, it was the right and duty of the Court to protect the interests of an infant party to litigation on its own motion, whether he be plaintiff or defendant, whether the proper relief is asked in the pleadings or not, and whether the claim of defense be properly pleaded or not. Citing 31 C. J., p. 1115, Sec. 254; 43 C. J. S. Infants sec. 91.

As was said in Rankin v. Warner, 70 Tenn. 302.

"The object of the rule requiring a next friend in the prosecution of suits for use of persons under disability, is to have some one responsible for costs and liable to judgment therefor * * * and for the more especial purpose that there may be some one before the Court capable of looking after, taking care of, and protecting the interests of those incapable of understanding and defending their own rights."

In Tennesee Procedure in Law cases, Paragraph 518, it is said, "The rule seems to be that notwithstanding the insanity or infancy of a defendant and the concealment of this defect or the failure to bring it to light, a judgment against such person, except in those cases of active guardianship, will not be pronounced void."

In Ridgely v. Bennett, 81 Tenn. 206, 211, at page 218, in a proceeding to sell the lands of a decedent and where suit was brought against the widow and heirs of the deceased, it was held the proceedings in such a case are not avoided on a writ of error as to the purchasers by the omission of the name of one of several infant defendants in the order appointing the guardian ad litem.

At page 218 the Court stated;

"The order appointing the guardian ad litem under the original petition did not contain the name of Mary Porter, one of the heirs, and there was no order of appointment under the amended and supplemental bill. The answer of the guardian ad litem, moreover, is not sworn to. The Circuit Court being a court of general or superior jurisdiction, every

presumption is in favor of the regularity of its pro-
ceedings, although in the particular case the juris-
diction be statutory if conferred by a statute of a
general nature. * * *"

The Court then goes on to state that the decree recites
that the cause was heard on the answer of the infants by
their guardian ad litem, thereby recognizing the guardian
as the guardian of all of them. The Court then states,
"A renewal of the order of appointment under the
amended petition would have been a mere form."

The opinion continues,

"Even the failure of the record to show the ap-
pointment of the guardian ad litem, would not be
fatal on a direct appeal, where the court is shown in
its decrees to have recognized the guardian as the
proper representative of the infant. Bank of Lin-
ville [Louisville] v. Leftwick, 9 Heisk. 471. The
irregularities mentioned are, therefore, not sufficient
to authorize a reversal of the decrees."

In Kenner v. Kenner, 139 Tenn. 211, 201 S. W. 779,
L. R. A. 1918E, 587, a proceeding by a father to obtain
custody of his child from his divorced wife, a minor,
the court refused to appoint a guardian ad litem for the
wife, asserting that her personal rights and those of
the child could be properly protected without such guard-
ian.

On page 226 of 139 Tenn., on page 783 of 201 S. W.
of the opinion it was said;

"It is said the defendant herself being a minor when this action was tried should have had a guardian appointed to defend for her, pursuant to complainant's application for such appointment. This is likewise a mistaken view. She needed no guardian to effect the contract of marriage; nor yet to escape its bond. Still less did she need one to defend the rights she acquired under the decree that freed her. The court itself can protect personal rights of the nature here involved without the aid of a guardian. At all events, since these rights will be fully protected by the decree which we shall order, no harm is done, and the error, if any, is wholly without effect."

Counsel for the parties herein have cited no Tennessee case which is exactly parallel to the case at bar and the Court has been unable to find one that is precisely in point on the effect of a failure to appoint a guardian ad litem for a minor defendant in a tort action.

There is divided authority in other jurisdictions with respect to this question. There are a number of jurisdictions wherein it has been held that a judgment against a minor defendant for whom no guardian ad litem was appointed as required by statute will be reversed on appeal. However, an examination of a number of these cases reveals that most of them are cases involving estates of minors or those arising out of contract.

On the other hand, there are a number of cases that follow the doctrine laid down in Trolinger v. Cluff, 56 Idaho 570, 57 P. (2d) 332, citing R. C. L., holding that, to be a ground for avoidance of a judgment, the failure to appoint a guardian ad litem must affect the substantial rights of the infant.

It is stated in 27 Am. Jur. p. 838, Sec. 117;

"An objection that an infant sued without a next friend or guardian ad litem, or without a representative duly appointed by the Court, when appointment by the Court is necessary, is a matter of procedure and not of substance, and must be made by a plea in abatement or by plea or answer in the nature thereof and is waived by pleading to the merits."

In support of the above stated rule, cases from many jurisdictions are cited.

As was stated by counsel for plaintiff in his well reasoned brief, the only thing that it could be said was omitted in regard to the minor's defense was the formal act or statement of the trial Judge to Mr. Fitzpatrick, counsel for the defendant, that he was appointed guardian ad litem. This formal announcement would, in no wise, have changed the protection that the defendant received by his attorney.

It may be said that Mr. Fitzpatrick, in representing the defendant, presented every possible defense in a very skilful manner, and his having been named guardian ad litem by the Court would not have changed the result, nor would it have added to the effectiveness of the defense presented by able counsel for said defendant.

In Blalock v. Temple, 38 Tenn. App. 463, 276 S. W. (2d) 493, and again in McMahan v. McMahan, 38 Tenn. App. 498, 276 S. W. (2d) 738, it was held that no judgment would be set aside in the Court of Appeals for any error in procedure in the trial of a case unless it affirmatively appeared that the results of the trial were thereby affected.

In view of our Harmless Error Statute, 27-116. and 27-117, T. C. A., providing that no judgment or decree of an inferior Court shall be reversed in the appellate courts unless for errors which affect ·the merits of the judgment or decree, and unless, in the opinion of the court, after an examination of the entire record in the cause, it shall affirmatively appear that the error complained of has affected the results of the trial; and from a consideration of the authorities above cited, we feel that assignment No. 3 should not be sustained.

It results that all assignments are overruled and the judgment of the trial court is affirmed.

Affirmed.

Felts and Hickerson, JJ., concur.