**Terry GANN, b/n/f and father Elmer Gann and Elmer Gann, Appellees,**

**v.**

**Cassie BURTON, Appellant.**

Supreme Court of Tennessee.

June 17, 1974.

Atchley, Atchley & Cox, and Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, for appellant.

Weill, Ellis, Weems & Copeland, Chattanooga, for appellees.

## OPINION

LEECH, Special Justice.

Plaintiff, Terry Gann, was struck and severely injured while prudently operating his motorcycle by an automobile driven by defendant, Cassie Burton. The defendant's negligence was the sole and proximate cause of the accident. This action commenced on September 7, 1971 and was subsequently set for trial three times, but each time the trial date was reset because of defendant's physical inability to attend. On December 7, 1972, the day the cause finally came to trial, defendant's attorney filed a written suggestion of defendant's incompetency and made an oral motion that defendant's conservator be made a party to the suit. Plaintiff's attorney objected and the judge did not require the conservator to become a party and proceeded with the trial. The sole question to be tried was damages, as liability had been stipulated. The jury returned a verdict for the plaintiff and awarded damages in the amount of One Hundred and Three Thousand, Seven Hundred and Sixty Dollars ($103,760.00), which was reduced by the trial judge to Ninety-six Thousand, Seven Hundred and Sixty Dollars ($96,760.00). Thereupon, defendant motioned for a new trial and said motion was denied. Defendant then appealed to the Court of Appeals contending, in part, that the trial judge erred when he failed to appoint a guardian ad litem or make the conservator a party defendant. The Court of Appeals reversed and remanded the case holding that Tennessee Rules of Civil Procedure No. 17.03 requires the appointment of a guardian ad litem. We granted certiorari so we could examine the propriety of the trial in the light of Rule 17.03.

Rule 17.03 reads as follows:

"Whenever an infant or incompetent person has a representative, such as a general guardian, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative, or if justice requires, he may sue by his next friend. *The court shall appoint a guardian ad litem to defend an action for an infant or incompetent person who does not have a duly appointed representative, or whenever justice requires.* The court may in its discretion allow the guardian ad litem a reasonable fee for his services, to be taxed as costs." (Emphasis added).

It is evident that the foregoing rule is applicable herein, but as this is a case of first impression we must ascertain what the rule means. In order to make that determination, it will be helpful to look to the Federal Rules and the decisions of the federal courts construing them since Rule 17.03 was patterned after and is almost identical to Rule 17(c) of the Federal Rules.

Federal Rules of Civil Procedure No. 17(c) provides in pertinent part that:

"The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

In discussing Rule 17(c), the court in Roberts v. Ohio Casualty Insurance Company, 256 F.2d 35 (5th Cir. 1958), said:

"Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's [or incompetent's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed."

Similarly, in United States v. Noble, 269 F.Supp. 814 (E.D.N.Y.1967), it is said that

"the rule does not require that an independent guardian ad litem be appointed in all cases in which an infant is party to a suit."

In addition to the aforementioned federal cases, there have been a number of states that have held rules similar to 17.03 not mandatory in terms of the appointment of a guardian · ad litem. For example, in Johnson v. Lambotte, 147 Colo. 203, 363 P. 2d 165 (1961), a case factually similar to the instant case, the Colorado Supreme Court said that Rule 17(c) R.C.P. of Colorado "does not make the appointment of a guardian ad litem mandatory." The court added:

"In the instant case the mental incompetent was 'otherwise represented' by well qualified lawyers of long experience at the bar. In such case the appointment of· a guardian ad litem was not necessary.

From the foregoing, it can be seen that the contention raised herein by the defendant would be rejected in federal court and in many states as well. That, however, does not fully clarify the meaning of Rule 17.03 because our rule differs slightly from the above cited rules.

The difference lies in the phrase "or whenever justice requires." It would seem that this phrase places the appointment of the guardian ad litem within the sound discretion of the trial judge and requires the trial judge to appoint the guardian ad litem whenever justice requires. This interpretation is buttressed by the Committee Comment to Rule 17.03 wherein it is stated that:

"Rule 17.03 establishes a uniform practice, and, when justice requires, allows suit by next of friend and requires that the court appoint a guardian ad litem."

Thus, we hold that Rule 17.03 requires the trial judge to evaluate the total situation surrounding the infant or incompetent and then, if justice requires, a guardian ad litem must be appointed. However, said appointment is discretionary and this Court

will not overrule the trial judge's decision unless there is an abuse of the judge's discretion.

In addition to the foregoing, Rule 17.03 must be evaluated in light of Rule 17.02 which provides that "the capacity of any party to sue or be sued shall be determined by the law of this State."

Looking to 1 Gibson's Suits in Chancery, § 108, p. 147 (Crownover), it is stated that although incompetents should defend by guardian ad litem when they have no regular guardian, the rule is that they may appear by attorney of their own choosing when suing or being sued. Moreover, in History of a Lawsuit, § 37, p. 40 (8th Ed. 1963), the following statement appears:

"If the suit is upon a contract or wrong of an infant, or a lunatic, such infant or lunatic must be made defendant in the writ, and not his guardian. The guardian is not responsible for the contracts of his infant or insane ward, and cannot be sued on them. If the guardian makes the contract, then he alone must be sued and not the ward. It seems it is not indispensable to the validity of the judgment that an infant have a guardian ad litem appointed to defend the suit."

This latter statement is supported by Goodall v. Doss, 44 Tenn.App. 145, 312 S.W.2d 875 (1958), wherein the court, in effect, held that the failure to appoint a guardian ad litem must affect the substantial rights of the infant in order to avoid a judgment. Therefore, it is clear that even prior to the passage of the new rules of civil procedure, the appointment of a guardian ad litem was not mandatory.

██ Having construed Rule 17.03, the question remains whether the trial court abused its discretion in not appointing a guardian ad litem or making the conservator a party to the case. We find no abuse of discretion herein. We reach this conclusion because Rule 17.03's purpose is to insure that the rights of minors and incompetents are fully protected. In the instant case said rights were fully protected because a full defense was made and the defendant was in no way prejudiced. Moreover, the appointment of a guardian ad litem would have been an unnecessary expense to be paid by the defendant's estate.

█ In the *Goodall* case, *supra,* a fair summary to the instant case was made when the court stated:

"[T]he only thing that it could be said was omitted in regard to the . . . defense was the formal act or statement of the trial judge to . . . counsel for the defendant, that he was appointed guardian ad litem. This formal announcement would, in no wise, have changed the protection that the defendant received by his attorney."

Thus, the failure to appoint is not grounds for reversal where there is no showing of actual prejudice.

█ So, since it is the law of this State that an incompetent can be sued in his own name, and it is provided by Rule 17.02 that the capacity of any party to be sued shall be determined by the law of this State, and since there is no requirement in Rule 17.03 that the representative of such a party also be made a party to the suit, and since there was no abuse of discretion in the trial; it is clear that no error was committed by the trial judge.

However, assuming *arguendo* that Rule 17.03 does require the appointment of a guardian ad litem, in view of the mandatory requirements of T.C.A. §§ 27–116 to 27–117, the Harmless Error Statutes, and in view of the hypertechnical nature of the error if any, and in view of the uncontroverted fact that no harm whatsoever came from the failure to appoint; the Court of Appeals was in error to reverse the trial court. *See, e. g.,* Bayside Warehouse Co. v. City of Memphis, 470 S.W.2d 375 (Tenn. App.1971).

It results, therefore, that the Court of Appeals is reversed and the judgment of the trial court is sustained.

DYER, C. J., and CHATTIN, Mc-CANLESS and FONES, JJ., concur.