**Emanual Clay PHILLIPS, Appellee,**

v.

**Lee G. PITTS, Executor of the Estate of Thelma Steadman, Appellant.**

Court of Appeals of Tennessee, Western Section.

Feb. 27, 1980.

Application for Permission to Appeal Denied by Supreme Court June 2, 1980.

Stephen H. Biller, Memphis, for appellant.

James W. Watson, Memphis, for appellee.

NEARN, Judge.

On April 23, 1977, the plaintiff, Phillips, a tenant of the original defendant Thelma Steadman, fell while descending the steps from his apartment. Plaintiff suffered serious and permanent injuries. Suit was filed by Phillips against Steadman alleging negligence on the part of Steadman in the maintenance of the stairway. Prior to the trial, the defendant died and the cause was revived against Lee G. Pitts, Executor of the Estate of Steadman. The issues were tried to a jury which returned a verdict in favor of the plaintiff for $12,500. Motion for a new trial and/or remittitur was made and denied. The defendant appeals.

Appellant's complaints, which we are authorized to consider on appeal, can best be summarized as:

1. Does the evidence show as a matter of law that the plaintiff was guilty of contributory negligence as a matter of law?
2. Should the Trial Judge have granted defendant's request for remittitur?
3. Does the jury verdict evince passion, prejudice, or caprice?
4. Did the Trial Judge err in failing to exclude certain testimony?

■ In the trial of this case the legal issues of negligence and its counterpart contributory negligence revolved about the factual issue of notice. The plaintiff's theory was that the steps upon which he fell were in a latent unsafe condition, which condition was unknown to him. The defendant's theory was that the owner had no knowledge of any defective condition in the steps prior to plaintiff's fall, if, in fact, such condition existed, and, any defective condition should have been discovered by plaintiff as he used the stairway daily. Defendant contended the tenant's failure to discover such defect was contributory negligence as a matter of law.

Plaintiff's witness, Noah Gross, testified that prior to plaintiff's fall, the now deceased defendant had called him to inspect the stairs and submit a bid for repairs. The witness testified that prior to plaintiff's fall, he examined the stairs and found the stairs, (the bottom step of which plaintiff testified broke and caused him to fall) to be in a rotten and dangerous condition. Gross stated further that the now deceased defendant hired him to repair the steps with the admonition, "Hurry up and fix them before anybody gets hurt."

The record evidences some dispute as to the date when Noah Gross repaired the steps. The defendant sought to show that the stairs had been repaired prior to plaintiff's fall. Of course, plaintiff's proof was to the contrary, that is, that the repairs were effected after the fall.

■ All this is a factual dispute. In the review of a jury verdict it is not ours to decide what weight is to be given testimony. That decision is one exclusively for the jury. *Sullivan v. Morrow* (1973 Tenn.App., M.S.) 504 S.W.2d 767, 771. Whether the Court agrees with the jury's determination of an issue of fact is immaterial. If material evidence is present on either side of a fact issue which is presented for determination to a jury, we are bound by the jury's determination. *Lyman v. American National Bank & Trust Co.* (1960 E.S.) 48 Tenn.App. 328, 346 S.W.2d 289, 294. If it were otherwise, the right to a trial by jury would be meaningless.

We find that there is material evidence in the record from which the jury could have found that the now deceased defendant had actual and superior knowledge of the defective condition of the steps. Further, from this proof the jury could have concluded that the owner of the premises failed in her duty of ordinary care owed to the plaintiff.

■ From this record we are certainly unable to say that the plaintiff was guilty of contributory negligence as a matter of law. The question of the existence of contributory negligence on the part of a plaintiff is ordinarily a matter of fact for jury determination, just as is the issue of a defendant's negligence. *Hellon v. Trotwood Apartments, Inc.* (1970 M.S.) 62 Tenn.App. 203, 460 S.W.2d 372, 375–376. It is only when evidence is without material conflict and leads to only one conclusion or the facts are undisputed that a Court may say that a party, either a plaintiff or a defendant, is guilty of negligence or contributory negligence as a matter of law. *Hall Grocery Co. v. Wall* (1930 W.S.) 13 Tenn.App. 203, 209; *Little River Railway Co. v. Dotson* (1930 E.S.) 11 Tenn.App. 538, 545.

The first issue is found in favor of appellee.

■ From the proof in the record it could be found that the plaintiff has suffered permanent injuries in that his broken ankle necessitated the insertion of a surgical pin to hold the joint together; plaintiff was totally disabled for four to six months and partially disabled for another six; and the injury has left a 20 to 25 percent permanent disability to that foot. Medical bills have

been incurred by plaintiff in the amount of $1,769.46 and plaintiff has undergone considerable pain and suffering. Although plaintiff is retired, the injury has made it impossible for him to resume his previous occupation of truck driver, should he so desire, and has caused plaintiff to forego odd jobs by which he had supplemented his social security. Therefore, we conclude that the Trial Judge did not err in refusing a remittitur and we see no evidence of passion, prejudice or caprice by the jury verdict of $12,500.00.

Accordingly, the second and third issues are found in favor of appellee.

■ There is no merit in the fourth issue. Defendant desired to call to the stand an insurance adjuster, who investigated the claim for the deceased defendant's insurance carrier, in order to attempt to impeach a plaintiff's witness. Counsel sought, *in limine*, to have the cross-examination of the witness limited so that plaintiff's counsel would be forbidden to inquire by whom the witness was employed. The Trial Court denied the motion. The defendant then elected to call the insurance adjuster to the stand; the adjuster did testify to facts contrary to plaintiff's witness; was asked on cross examination to state by whom she was employed and did so state.

■ A witness may be cross-examined to attempt to show possible prejudice or bias. Paine, D.F., *Tennessee Law of Evidence* § 42 (1974); 29 Am.Jur.2d *Evidence* § 405 (1967). This right should be limited, if at all, only upon a showing of the most extraordinary circumstances. There is nothing extraordinary about this case. See also *Goodall v. Doss* (1958 M.S.) 44 Tenn.App. 145, 312 S.W.2d 875.

The result is that the judgment below is affirmed with costs of appeal adjudged against appellant and surety. The cause is remanded to the Trial Court for the enforcement of its judgment.

Done at Jackson in the two hundred and fourth year of our Independence and in the one hundred and eighty-fifth year of our Statehood.

MATHERNE and SUMMERS, JJ., concur.