| 58 | 587 |
| 128 | 398 |

---

### EVANS *v.* THE STATE, EX REL. RINERT.

BASTARDY.—*Practice.*—*Minor Defendant.*—*New Trial.*—*Guardian ad Litem.*
—The failure of the court to appoint a guardian *ad litem*, for a minor

defendant, who is being prosecuted for bastardy, is not cause for a new trial.

SAME.—*Supreme Court.— Waiver.—Assignment of Error.*—Where no objection is made by such defendant, in the court below, to the failure of the court to appoint a guardian *ad litem*, and no assignment thereof as error is made on appeal, no question relating thereto is presented to the Supreme Court.

SAME.—*Still-Born Bastard.*—The fact that, after verdict against the defendant in a prosecution for bastardy, but before judgment, the bastard is born dead, is no reason why judgment should not be rendered against the defendant for whatever sum seems just to the court.

From the Tippecanoe Circuit Court.

*F. B. Everett,* for appellant.

*R. P. Davidson, J. C. Davidson, H. W. Chase, J. A. Wilstach* and *F. S. Chase,* for appellee.

BIDDLE, C. J.—Prosecution by the State, on the relation of Ann M. Rinert, against the appellant, for bastardy.

Trial by jury and conviction.

It was shown to the court, that the prosecutrix, after verdict and before judgment, was delivered of her child, which was born dead.   Over a motion for a new trial, and exceptions reserved, the court adjudged that the appellant should pay the prosecutrix one hundred dollars.   A motion in arrest of judgment was overruled, and exceptions reserved. Appeal.

The appellant makes the following points in the record, and discusses them in his brief:

1st.   That the verdict is not sustained by the evidence.

We think it is.   The prosecutrix testifies that the appellant is the father of the child, giving time, place and circumstances.   The only evidence against her statement, if it is against it at all, is the testimony of a mid-wife, to whom the the prosecutrix applied for something that " would bring on her monthlies."   The mid-wife told her " to get some whiskey and saffron and take regularly of it; and, if her menses had ceased from taking cold, this would bring them on, but, if she had got with child, it would not."   She said she guessed it was " from cold."

The evidence fairly sustains the verdict.

2d. That the verdict is contrary to the evidence.

This is sufficiently answered under the first proposition.

3d. That the appellant was a minor at the time of the trial, and no guardian *ad litem* was appointed for him, to defend the suit.

No such objection was taken before trial, no exception reserved, and no such question raised by an assignment of error.

The first appearance of this objection in the record is its assignment as a cause for a new trial. It is not such an error, if an error at all, as can be assigned as a cause for a new trial. It is not an error occurring at the trial, and granting a new trial would not correct it. It is therefore not before us.

4th. That the child was not living at the time the judgment was rendered.

It was not necessary that the child should have been alive at the time the judgment was rendered. See sections 1, 19 and 20, of "An act regulating prosecutions in cases of bastardy." 2 R. S. 1876, p. 654.

Notwithstanding the death of the child, it was the duty of the court, on conviction, to give judgment for such sum as should be deemed just. Section 20, *supra.*

It has not been made to appear to us, that the amount adjudged by the court was improper.

5th. The motion in arrest of judgment is not discussed in the appellant's brief, and we can find no ground to sustain it.

The judgment below is affirmed, with costs.