**Edith M. MUNDEN, Appellant,**

v.

**Ronald W. MUNDEN, Appellee.**

**No. 1–279A56.**

Court of Appeals of Indiana,
First District.

Dec. 26, 1979.

---

Ralph E. Randall, Scottsburg, J. Mark Robinson, New Albany, Peter L. Cassady, Indianapolis, for appellant.

Thomas E. Everitt, Everitt, Houston & Thompson, Scottsburg, for appellee.

NEAL, Judge.

This is an appeal from the Scott Circuit Court by appellant, Edith M. Munden, from a default judgment in a dissolution of marriage proceedings taken by appellee, Ronald W. Munden.

We reverse.

The petition for dissolution of marriage was filed by appellee on April 19, 1978, while appellant was an inpatient under a voluntary commitment at the Southern Indiana Mental Health and Guidance Center for the fifth time in as many years. A summons was directed to appellant by certi-fied mail "c/o Administrator, Southern Indiana Mental Health and Guidance Center." The record is silent on whether appellant or the administrator ever received the summons. The return receipt was signed for by one Mr. "Gene Baxter," a statistician at the Mental Health Center. A second document was mailed to appellant which was Judge Eugene Hough's May 5, 1978 provisional order. This, too, was receipted for by Gene Baxter.

A final hearing was held on the dissolution of marriage petition on July 7, 1978 in appellant's absence before a judge pro tempore, and a decree of dissolution was granted. In the decree appellee was awarded all of the parties' property and the custody of their child. At the hearing appellee denied knowing the whereabouts of appellant. However, appellant had been released from the Mental Health Center prior to the final hearing date.

Appellant, after the July 7, 1978 hearing, employed an attorney and filed a timely motion to correct errors pursuant to the authority of *Protective Insurance Company v. Steuber*, (1977) Ind.App., 370 N.E.2d 406, which permits the errors of law committed in a default judgment to be challenged by a motion to correct errors. The motion to correct errors contains five assignments of error. However, we deem it necessary to consider only specification No. 1 to reach the conclusion heretofore indicated. Specification No. 1 challenges the court's action as follows:

"1. That Edith M. Munden was denied a fair trial when Ronald M. Munden was granted a dissolution of marriage by default for the reason that Mrs. Munden was institutionalized when served by Mr. Munden and that Mrs. Munden received no notice of final hearing."

Ind. Rules of Procedure, Trial Rule 4.2(B) provides as follows:

"Service upon an individual who has been adjudged to be of unsound mind, otherwise incompetent or who is believed to be such shall be made upon his next friend or guardian ad litem, if service is

with respect to the same action in which the incompetent is so represented. If there is no next friend or guardian ad litem, service shall be made upon his court-appointed representative if one is known and can be served within this state. If there is no court-appointed representative, then upon the named party and also upon a person known to be standing in the position of custodian of his person."

• T.R. 4.3 provides as follows:

"Service of summons upon a person who is imprisoned or restrained in an institution shall be made by delivering or mailing a copy of the summons and complaint to the official in charge of the institution. It shall be the duty of said official to immediately deliver the summons and complaint to the person being served and allow him to make provisions for adequate representation by counsel. The official shall indicate upon the return whether the person has received the summons and been allowed an opportunity to retain counsel."

T.R. 17(C) provides in part as follows:

"If an infant or incompetent person is not represented, or is not adequately represented, the court *shall* appoint a guardian ad litem for him." (Emphasis added.)

There is no indication in the record that service of summons was had on appellant personally or upon any representative as required by T.R. 4.2(B). Nor was service perfected upon her in the institution by serving the official in charge as required by T.R. 4.3. The record does not disclose an appointment of a guardian ad litem as required by T.R. 17(C). Appellee made no disclosure of appellant's mental infirmatives as required by T.R. 4.2(C).

The policy of the law is reflected in the trial rules cited above, and requires that every protection be afforded to those who are incapable of defending themselves. *Judd v. Gray, Gdn.*, (1901) 156 Ind. 278, 59 N.E. 849; *State ex rel. O'Neill v. Pyle*, (1933) 204 Ind. 509, 184 N.E. 776. Insomuch as the appellant was an inpatient in a mental institution at the time of the initiation of the dissolution proceedings, and was not served a summons, or otherwise protected in accordance within the plain wording of the Rules of Trial Procedure, the default judgment cannot be permitted to stand.

Appellee argues that appellant was not incompetent. It is not necessary to invoke T.R. 4.2(B) that a person be actually adjudged to be of unsound mind. It is sufficient that she be "otherwise incompetent" or "believed to be such." She was actually in an institution as contemplated by T.R. 4.3. Regardless of whether she entered voluntarily or was placed there under an involuntary commitment, restraint may be implied under such circumstances such as to invoke T.R. 17(C). The fact that summons was directed to appellant at a mental institution is sufficient to enjoin upon the court the duty to make inquiry and use the powers under the rule to "make such orders as is deemed proper for the protection of such parties or persons."

Appellee further argues that appellant was released prior to the final hearing, and, therefore, could have taken appropriate measures to defend herself in this action. This argument presupposes she knew of the pendency of the action. Even if she did, such an argument is speculative. It cannot be presumed that a person who was institutionalized for mental illness would, immediately upon her release, be wholly cured and cognizant of the implications of litigation.

For the reasons set forth above, this cause is reversed, the default judgment in the trial court is ordered set aside, and the trial court is ordered to grant a new trial.

Reversed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.