Charles BREWER and George B. Mathes, Co-Guardians of the person and Estate of Paulina J. Brewer, Plaintiffs-Appellants,

v.

Kathleen A. BREWER, Personal Representative of the Estate of Robert E. Brewer, Deceased, Defendant-Appellee.

No. 1–779A192.

Court of Appeals of Indiana, First District.

April 29, 1980.

Rehearing Denied June 2, 1980.

Frank E. Spencer, Indianapolis, for plaintiffs-appellants.

Elliott Hickam, Richard W. Lorenz, Spencer, Donald K. Travis, Plymouth, Jerry P. Belknap, Indianapolis, for defendant-appellee; Hickam & Hickam, Spencer, Stevens, Wampler, Travis & Fortin, Plymouth, Barnes, Hickam, Pantzer & Boyd, Indianapolis, of counsel.

ROBERTSON, Presiding Judge.

Paulina J. Brewer, now deceased, appeals by way of Charles Brewer and George B. Mathes as co-guardians of her estate (Guardians), an adverse decision of the trial court, which did not set aside the conveyance of eight (8) deeds executed by Paulina Brewer to her nephew Robert E. Brewer. Robert Brewer, who is also deceased, was represented by his widow and personal representative Kathleen A. Brewer. We affirm.

As we discern the convoluted facts, Paulina Brewer (Paulina) filed suit on April 12, 1978, to set aside the deeds she executed in favor of her nephew, Robert E. Brewer. An amended complaint was filed on May 26, 1978, to set aside the conveyance of property which was deeded to Robert Brewer from September 19, 1975, to February 18, 1977. The amended complaint alleged that no consideration was ever received, that the deeds were obtained by fraud, misrepresentation, and undue influence, and that Paulina lacked the capacity to convey.

On July 10, 1978, an action was filed to have a guardian appointed for Paulina, and on September 26, 1978, Vernon Petri appeared in that cause as attorney for the Petitioner attempting to have Paulina declared incompetent. On October 16, 1978, Paulina and her attorney, George W. Languell (who filed her complaint to set aside the deeds), appeared and opposed the guardianship proceedings. On November 17, 1978, Vernon Petri entered his appearance as co-counsel with Languell, on behalf of Paulina in her effort to regain the title to the land deeded to Robert Brewer. On November 20, 1978, the guardianship proceedings against Paulina were dismissed. George Languell filed his request for leave to withdraw an appearance on December 1, 1978, which was granted, and a motion for a continuance of the December 5, 1978, trial date, which was denied. In his verified motion, Languell testified that he had serious doubts as to Paulina's competency, and that should the present suit continue, that a guardian should be appointed for her.

Likewise, on December 1, 1978, attorney Petri's firm filed a motion for a continuance which was similarly denied. A like motion was filed on December 4, 1978, which was denied by the trial court on December 5, 1978. The trial began on December 5, 1978, as scheduled, and the evidence was concluded on December 11, 1978. Following the close of the evidence, the trial court permitted Paulina to address the court, which she did in a lengthy and rambling manner. Following this statement, the court determined that Paulina was incompetent and appointed a guardian to manage her affairs. Judgment was entered against Paulina on January 30, 1979.

Guardians have set forth numerous circumstances that are alleged to constitute error. Nonetheless, it is evident that all these allegations revolve around whether the trial court erred in failing to appoint a guardian *ad litem* for Paulina prior to the commencement of the trial.

As recently as December, 1979, this court reiterated that the policy of the law in regard to infants and incompetents requires that every protection be afforded to those who are incapable of defending themselves. *Munden v. Munden*, (1979) Ind.App., 398 N.E.2d 680 and cases cited therein; *Judd v. Gray, Gdn*, (1901) 156 Ind. 278, 59 N.E. 849; *State ex rel. O'Neill v. Pyle*, (1933) 204 Ind. 509, 184 N.E. 776.

This concern for the protection of persons incapable of protecting their own interests is also reflected in our trial rules. *Ind. Rules of Procedure, Trial Rule* 17. T.R. 17 deals with the capacity of both the plaintiff and defendant. T.R. 17(C) is designed specifically for infants and incompetent persons and states in pertinent part:

An infant or incompetent person may sue or be sued in any action

(1) in his own name,

(2) in his name by a guardian ad litem or a next friend,

(3) in the name of his representative, if the representative is a court-appointed general guardian, committee, conservator, guardian of the estate or other like fiduciary.

      \*      \*      \*      \*      \*      \*

If an infant or incompetent person is not represented, or is not adequately represented, the court shall appoint a guardian ad litem for him.

The court may, in its discretion, appoint a guardian ad litem or an attorney for persons who are institutionalized, who are not yet born or in being, who are unknown, who are known but cannot be located, or who are in such position that they cannot procure reasonable representation.

The Indiana Trial Rules were patterned after the federal rules of civil procedure, and thus, because of the lack of Indiana case law on point, it is helpful to look at decisions in the federal system interpreting the language of T.R. 17(C) and decisions of our sister states that interpret similar language.

The interpretation most frequently given to the language of T.R. 17(C) in the federal system, is that the rule does not make the appointment of a guardian *ad litem* mandatory, but rather, the power to appoint is discretionary with the court, depending on whether the court perceives that the interests of the infant or incompetent are adequately represented and protected. *See, e. g., Roberts v. Ohio Casualty Insurance Co.*, (5th Cir. 1958) 256 F.2d 35; *Donnelly v. Parker*, (D.C.Cir.1973) 486 F.2d 402.

Likewise, state courts have determined that the appointment of a guardian *ad litem* is not mandatory, but rather is a discretionary function performed by the trial court. *Johnson v. Lambotte*, (1971) 147 Colo. 203, 363 P.2d 165; *Gann v. Burton*, (1974) Tenn., 511 S.W.2d 244; *In re Welfare of Price*, (1975) 13 Wash.App. 437, 535 P.2d 475.

As we view the language of T.R. 17(C) and decisions interpreting similar language in both the federal courts and those of our sister states, we believe that the language contained therein results in a discretionary function of the trial court, provided that the party believed incompetent was adequately represented at trial.

We must next decide whether Paulina was adequately represented in the present action. In making this determination, we feel that the proper standard to be applied is whether or not there was a showing of actual prejudice, *Gann v. Burton, supra*, and that the incompetent party had a meritorious defense which it was prevented from making. *Judd v. Gray, Gdn, supra*.

Guardians argue that because attorney Petri did not enter an appearance in the case until November 17, 1978, he did not have adequate time to properly prepare for the December 5, 1978, trial date. While we agree that this is a relatively short time in which to prepare, we note that back on September 26, 1978, attorney Petri had entered an appearance in another action involving Paulina to determine her competency, and was therefore, familiar with the issues surrounding her ability to make the conveyances to her nephew. Additionally, Paulina's first attorney, Languell, would

have had the names of Paulina's relatives who might be interested in maintaining a guardianship action, and did not contact them. We cannot say, therefore, as a matter of law, that Paulina was not adequately represented because Petri did not contact relatives who *might* be interested in going forward with a guardianship action. There was also testimony in the record that Petri had spoken to Paulina on at least two occasions prior to the trial, after Languell withdrew, which were very productive and helpful in presenting his case.

Guardians have presented no evidence to this court that persuades us that Paulina was not able to present as meritorious a defense as possible or that she was denied a fair trial. The proposed findings of fact and conclusions of law submitted by attorney Petri reflect a more than adequate understanding of the complexities of the case. Consequently, we do not feel that the trial judge abused his discretion in not appointing a guardian *ad litem*, as Paulina was adequately represented by counsel at the trial and suffered no prejudice by the failure of the judge to appoint such a guardian.

As a result of our decision that the trial court did not have an affirmative duty to appoint a guardian *ad litem*, we need not address Guardians' other allegations that the court lacked jurisdiction since no guardian *ad litem* was appointed, or that the decision was contrary to law since a guardian was appointed at the conclusion of the presentation of the evidence, but not prior to the trial.

■■ The general rule is that an incompetent person is not required to have or appear by a guardian until such time as the trial court is aware of the person's incapacity. *Withers v. Tucker*, (1966) 32 Wis.2d 496, 145 N.W.2d 665. In the present case, the trial judge properly appointed a guardian for Paulina when it became apparent that she was no longer competent. We do not believe, however, that the fact that the guardian was appointed at the conclusion of the evidence, but before judgment was entered, requires an inference that the ap-

pointment should relate back to the time the trial commenced. To make such a requirement would place an undue burden on the court throughout the trial to continually observe the parties in order to detect any sign of incompetence that would require the appointment of a guardian.

If Paulina had not been represented by counsel, our decision may have been different. In the case at bar, however, Paulina was represented by a competent attorney throughout the action, and the Guardians have not shown this court that she was prohibited in any way from making her defense to the conveyances, or that she suffered any actual prejudice. Without such a showing, we conclude that the failure of the trial court to appoint a guardian *ad litem* is not grounds for reversal. Finding no error in the proceedings below, the judgment of the trial court is affirmed.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.