**Michael CRAYNE, Appellant
(Respondent Below),**

v.

**M. K. R. L., Appellee (Petitioner Below),**

**In re the Petition of M. K. R. L. to Establish Paternity of a Minor Child.**

**No. 3–479A115.**

Court of Appeals of Indiana,
Third District.

Dec. 10, 1980.

---

1. *Hamilton v. Huntington*, (1944) 223 Ind. 143, 58 N.E.2d 349; *Abbott v. Appleton*, (1927) 86 Ind.App. 607, 159 N.E. 167.

Calvin K. Hubbell, Valparaiso, for appellant.

Theo. L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

GARRARD, Presiding Judge. ·

A paternity suit was brought by the appellee, M. K. R. L., against the appellant, Michael Crayne, in 1975. At the time, Crayne was 16. Although Crayne was originally represented by an attorney, by the time the case came to trial, the attorney had withdrawn and Crayne appeared before the trial court accompanied only by his mother. Nevertheless, the trial judge de-

termined that the proceeding should continue. Appellee was the lone witness at trial and after hearing her testimony, the trial judge entered a judgment against the defendant, declaring him to be the father of M. K. R. L.'s child. Thereafter, Crayne obtained an attorney, who filed on his behalf a Motion to Vacate Judgment and to Reopen Proceedings, arguing that the trial court had erred in not appointing a guardian ad litem for the minor Crayne, pursuant to Indiana Rules of Procedure, Trial Rule 17(C). When the trial court denied appellant's motion, this appeal was taken.

We believe the trial court erred in failing to consider the appointment of a guardian ad litem for Crayne pursuant to 17(C). Further, since the error cannot be considered "harmless," we reverse.

### I.

■ Initially, the appellee argues Crayne should be barred on appeal from raising objection to the trial court's failure to appoint a guardian ad litem, because he failed to make such objection before trial and judgment. In support of that proposition, the appellee cites *Evans v. State ex rel. Rinert* (1877), 58 Ind. 587. However, we will find no waiver upon the facts of this case. Crayne had no attorney. The trial judge made no mention of his rights in this regard. It would be unthinkable to conclude a minor defendant waived a right he had no way of knowing he had. We will decide the appeal on its merits.

### II.

■ In Indiana, paternity proceedings are considered civil in nature, and therefore are governed by the Indiana Rules of Trial Procedure. In litigation involving minors, TR 17(C) is applicable. In relevant part, it provides:

"(C) Infants or incompetent persons— Unborn, unknown, and unlocated persons. An infant or incompetent person may sue or be sued in any action

(1) in his own name,

(2) in his own name by a guardian ad litem or a next friend,

(3) in the name of his representative, if the representative is a court–appointed general guardian, committee, conservator, guardian of the estate or other like fiduciary.

The court, upon its own motion or upon the motion of any party, must notify and allow the representative named in subsection (3) of this subdivision, if he is known, to represent an infant or incompetent person, and be joined as an additional party in his representative capacity. If an infant or incompetent person is not represented, or is not adequately represented, the court shall appoint a guardian ad litem for him."

■ Under the rule, it is not mandatory that a trial judge appoint a guardian ad litem for a minor defendant. He need do so only if he believes the minor is not otherwise "adequately represented." However, it *is mandatory* that the trial judge *consider the necessity* of appointing a guardian ad litem before permitting a minor defendant to proceed without one.

Similar determinations have been made by other courts interpreting similar rules. For example, in reviewing Federal Rule of Civil Procedure 17(c), one court said:

"We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, though only after the Court has considered the matter and made a judicial determination that the infant is protected without a guardian.

\* \* \* \* \* \*

The record in this case shows that no one gave a thought to the appointment of a guardian ad litem until after judgment was rendered below. Apparently it was an oversight. We believe that the discretion lodged in the trial judge in Rule 17(c) was not intended to apply to such a situation. The orderly administration of jus-

tice and the procedural protection of minors requires the trial judge to give due consideration to the propriety of an infant's representation by a guardian ad litem before he may dispense with the necessity of appointing the guardian." *Roberts v. Ohio Cas. Ins. Co.* (5th Cir. 1958), 256 F.2d 35. Although, of course, the federal equivalent to our own 17(C) is worded in a slightly different way, we believe the guidelines provided by the *Roberts* court are equally applicable to the Indiana rule.

■ There is no evidence on the record in this case indicating the trial court gave the appointment of a guardian ad litem the kind of active consideration we believe necessary under 17(C). Rather, it appears the court failed to consider altogether whether Crayne was adequately represented. The court certainly undertook no examination of Crayne's mother to determine her ability to provide that representation.

■ Further, we cannot say the trial court's failure was harmless error because it is impossible to conclude that Crayne's interests were adequately protected despite the trial court's failure to consider the appointment of a guardian ad litem.[1] The trial court did seem to make an effort to inform the minor of his rights and options at each stage of the trial. However, Crayne had no counsel. Further, Crayne's mother did not provide any effective representation. She failed to obtain blood grouping tests. She did not encourage Crayne to speak on his own behalf, commenting only that "we'll get an attorney later." Finally, she engaged in no meaningful cross–examination of the trial's lone witness, M. K. R. L., instead asking only one pointless question. Though we believe

Crayne's mother was interested in protecting her son, we cannot say she was adequate in doing so.

We believe in some cases it would be possible to conclude a minor did in fact receive adequate representation despite the failure of the trial court to consider the appointment of a guardian ad litem. For example, where counsel had enthusiastically represented the minor at trial, such a conclusion might be appropriate. However, we are unable to reach such a result upon the facts of this case.

Reversed and remanded for a new trial.

STATON, J., concurs in result and files separate opinion.

HOFFMAN, J., dissents and files separate opinion.

STATON, Judge, concurs in result.

The question of adequate representation is best determined at the trial level–not the appellate level. There are several compelling reasons for this conclusion. First, the trial judge is very familiar with the local practicing bar and the capabilities of its members. Secondly, the trial judge is usually acquainted with the complexities of the case about to be heard in his court and is aware of the degree of competency required to meet these complexities. The minor and his lay volunteer representative may have little or no knowledge of either. Therefore, I would require the trial judge to consider the appointment of a guardian ad litem so that the record would show the rationale relied upon by the trial judge when a guardian ad litem is not appointed; otherwise, the minor's rights can not be properly protected in our judicial system when an

---

1. Some may quarrel with the test we apply in determining if the trial court's failure to consider the appointment of a guardian ad litem demands reversal. As noted, we believe it would not, were we able to conclude the minor nevertheless received adequate representation. Other courts have chosen different tests. For example, in *Brown v. Ripley* (Fla.App.1960), 119 So.2d 712, the court held that the failure to consider the appointment of a guardian ad litem dictated reversal *regardless* of whether the minor had in fact been adequately represented.

Another approach, suggested by the court in *Brewer v. Brewer* (1980), Ind.App., 403 N.E.2d 352, in reviewing a decision not to appoint a guardian ad litem for an incompetent, would be to look for "*actual prejudice.*" However, we do not believe one could make any determination at all about whether there was actual prejudice in this case, since Crayne's representation at trial was so lacking. Indeed, as the *Brewer* court noted, its "decision may have been different" had the defendant in that case not been represented by an attorney.

appeal is taken. *Brown v. Ripley* (1960), Fla.App., 119 So.2d 712.

HOFFMAN, Judge, dissenting.

I respectfully dissent.

The standard of review to be employed was properly set forth by this Court in the case of *Brewer v. Brewer* (1980), Ind.App., 403 N.E.2d 352, at 354:

> "We must next decide whether Paulina was adequately represented in the present action. In making this determination, we feel that the proper standard to be applied is whether or not there was a showing of *actual prejudice, Gann v. Burton,* [(1974) Tenn., 511 S.W.2d 244] *supra,* and that the incompetent party had a *meritorious defense* which it was prevented from making. *Judd v. Gray, Gdn.,* [(1901) 156 Ind. 278, 59 N.E. 849] supra." (Our emphasis.)

In applying this standard to the present case, the respondent must fail on both counts. Neither actual prejudice nor a meritorious defense has been illustrated. Thus, no reversible error exists.

We are not here dealing with a minor of tender years. This action concerns a mature male who was capable of fathering a child. The respondent was seventeen years old at the time of trial and had, at the initiation of this action, employed an attorney to represent his interests. Following the withdrawal of the first attorney, the respondent, through apparent lack of interest and diligence, failed to secure additional representation. The court's concern for his interests certainly far exceeded his own concern.

Eleven months passed between the filing of this action and the trial. More than sufficient time elapsed to allow the respondent the opportunity to take any action he desired. No showing whatsoever is made that the young man failed to understand his rights or lacked the capacity to assert them. The evidence also shows that the respondent was employed part–time in a rock band and, therefore, had an income independent of his parents' support.

The trial court here was fully cognizant of the respondent's rights and paid particular attention to this issue both before and during the trial. All factors were properly considered by the trial court in making the decision to proceed with the trial.

The judgment should be affirmed.