Devin Royce **MAURER,** Appellant–
Respondent,

v.

Cathleen Jo **MAURER,** Appellee–
Petitioner.

No. 11A01–9811–CV–431.

Court of Appeals of Indiana.

March 24, 1999.

Publication Ordered May 26, 1999.

Kaleel M. Ellis, III, Terre Haute, Indiana, Attorney for Appellant.

## OPINION

STATON, Judge

Devin R. Maurer ("Devin") appeals from the trial court's entry of mutual protective orders against him and his step-mother, Cathleen J. Maurer ("Cathleen"). Devin raises three issues for our review, which we restate as:

I.    Whether the trial court erred by entering mutual protective orders with-

out having first determined that at least one allegation in the petition was proved by a preponderance of the evidence.

II.    Whether the trial court erred by entering mutual protective orders.

III.   Whether the trial court erred by not appointing a guardian ad litem to protect Devin's interests.

■ We reverse and remand.[1]

Cathleen filed a petition for a protective order against Devin on July 6, 1998. The petition stated that Devin, who was seventeen years old at the time, had verbally threatened Cathleen. An emergency protective order was issued against Devin on July 6, 1998. The court held a hearing on the petition for protective order on July 22, 1998. At that hearing, the trial judge refused to hear any evidence from either Cathleen or Devin regarding the allegations in the petition.[2] The judge entered mutual protective orders, which ordered both Devin and Cathleen to refrain from "abusing, harassing, disturbing the peace of, or coming about the other," and "damaging any property of or from coming about the person or place of employment of either party." Record at 3. Devin appeals from the entry of the mutual protective orders.

### I.

### *Failure to Hear Evidence*

■ Devin contends that the trial court erred by refusing to hear any evidence regarding Cathleen's petition for the protective order. Protective orders to prevent abuse are governed by Ind.Code §§ 34–26–2–1 to – 17 (1998). Ind.Code § 34–26–2–12 sets forth the hearing requirements for such petitions. Specifically, IC 34–26–2–12 provides, "At the hearing, if at least one (1) of the allegations described in the petition is proved by a pre-

ponderance of the evidence, the court [shall issue a protective order]." Thus, the statute contemplates an evidentiary hearing where the petitioner must prove, by a preponderance of the evidence, that at least one of the allegations in her complaint is true.

■ Devin argues, and we agree, that the trial court erred by not requiring Cathleen to present evidence to support her petition for a protective order. The statute requires such an evidentiary hearing, and further, requires that at least one allegation be proven by a preponderance of the evidence. In this case, the trial court refused to allow any evidence to be presented at the hearing. Because the trial court failed to follow the mandate of IC 34–26–2–12, we reverse the entry of the mutual protective orders and remand to the trial court with instructions to hold an evidentiary hearing. At the hearing, the court must allow Cathleen to present evidence to support her allegation of verbal threats by Devin. After hearing the evidence, if the court finds that the allegation has been proven by a preponderance of the evidence, a protective order may be entered.

### II.

### *Mutuality of Protective Orders*

■ Devin contends that the trial court erred by entering mutual protective orders, when he neither petitioned for a protective order against Cathleen, nor presented evidence in support of such an order.[3] Ind. Code § 34–26–2–10 provides: "A court may not issue a joint or mutual protective order ... under [the relevant portions] of this chapter." Further, the statute provides that "[i]f both parties allege injury, the parties shall do so by separate motions. The trial court shall review each motion separately.... If the trial court finds cause to grant both motions, the court shall do so by sepa-

---

1.  We note at the outset that Cathleen failed to file an appellee's brief. When an appellee fails to submit a brief, an appellant may prevail upon a showing of prima facie error. *Meade v. Levett*, 671 N.E.2d 1172, 1179–80 (Ind.Ct.App.1996).

2.  The trial judge, who was sitting pro tem, stated that it was the policy of the court to enter protective orders without hearing any evidence. The judge gave two reasons: "1) There wouldn't be

an admission by respondent in this case that he has done anything wrong, 2) If he is not doing anything wrong, then the protective order is a piece of paper that means very little because he's not doing anything wrong." Record at 8.

3.  Although we need not address this issue, as we have reversed the entry of the protective orders, we do so because it is likely to recur on remand.

rate orders and with specific findings justifying the issuance of each order." Id. Because Devin did not file a petition for a protective order against Cathleen, and IC 34–26–2–10 specifically prohibits the entry of mutual protective orders, we hold that the trial court erred by entering mutual protective orders.

### III.

### *Guardian Ad Litem*

Devin contends that the trial court erred by failing to appoint, or to consider the appointment of, a guardian ad litem to represent his interests at the hearing. Ind. Trial Rule 17(C) provides, in relevant part: "If an infant or incompetent person is not represented, or is not adequately represented, the court shall appoint a guardian ad litem for him." This court has held that, although it is not mandatory for a trial judge to appoint a guardian ad litem for a minor defendant, "it is mandatory that the trial judge consider the necessity of appointing a guardian ad litem before permitting a minor defendant to proceed without one." *Crayne v. M.K.R.L.,* 413 N.E.2d 311, 313 (Ind.Ct.App.1980) (emphasis omitted).

■ Relying on Crayne, Devin argues that the trial court erred by failing to even consider appointing a guardian ad litem to protect his interests at the hearing on the protective order. However, we need not address this issue, because Devin has turned eighteen in the time since the orders were entered. Furthermore, we hold that the appointment of a guardian ad litem need not be considered on remand, as Devin is no longer a minor.[4]

Reversed and remanded.

RILEY, J., and BROOK, J., concur.

### ORDER TO PUBLISH MEMORANDUM DECISION

Comes now this court, having issued upon Appellee, Cathleen Jo Maurer, an Order to Show Cause Why Memorandum Decision Should Not be Published in the following words and figures, to wit:

(H.I.)

1. That this court's order allowed Appellee, Cathleen Jo Maurer, twenty (20) days in which to show cause why the Memorandum Decision should not be published.

2. That Appellee, Cathleen Jo Maurer, failed to respond to this court's motion, and as a result failed to show cause within the required time period why the Memorandum Decision should not be published.

Having failed to receive any cause preventing publication, this court hereby GRANTS the Appellant's, Devin Royce Maurer, Motion for Publication of Unpublished Memorandum Decision. It is therefore ORDERED, ADJUDGED and DECREED that the Memorandum Decision handed down by this court in the above-captioned matter on March 24, 1999, be published and it shall be so ordered.

---

**4.** Devin urges this court to establish new precedent by requiring the trial court to consider appointing a guardian ad litem to represent Devin's interests on remand. Devin's argument centers around the fact that, despite being eighteen, he might be unemancipated and still exercising visitation with his father under his natural parents' custody arrangement. However, we are not prepared to extend the scope of the guardian ad litem protection beyond minority. That is especially so in this case, because Devin is represented by counsel who can examine the effects that the protective order might have on Devin's visitation with his father and present these issues in the trial court.