**John DOE, Appellant–Plaintiff,**

v.

**TOWN OF PLAINFIELD, Indiana, Appellee–Defendant.**

No. 32A01–0605–CV–188.

Court of Appeals of Indiana.

Feb. 6, 2007.

Kenneth J. Falk, ACLU of Indiana, Indianapolis, IN, William O. Harrington, Danville, IN, Attorneys for Appellant.

Melvin R. Daniel, James B. Chapman II, Dann Pecar Newman & Kleiman, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

SHARPNACK, Judge.

John Doe brings this interlocutory appeal from the trial court's grant of the Town of Plainfield's ("Plainfield") motion to reconsider an earlier order that had allowed Doe to proceed anonymously. Doe raises one issue, which we revise and restate as whether the trial court abused its discretion when it granted Plainfield's motion to reconsider and denied Doe's re-

quest to proceed anonymously. We reverse and remand.

The relevant facts follow. On or about November 25, 2002, Plainfield adopted Ordinance No. 16–2002, which establishes the rules and regulations for parks and other recreational areas in Plainfield and provides in pertinent part:

*Section 18.* **PROHIBITED PERSONS** Individuals listed on *State of Indiana Sex Offender Registry* published and disseminated by the Indiana Criminal Justice Institute are prohibited from all parks and other recreational areas of the Town of Plainfield.

\* \* \* \* \* \*

*Section 20.* **Penalties**

\* \* \* \* \* \*

B. Any person who violates Sections 16, 17, or 18 of this Ordinance shall be fined One Hundred ($100.00) Dollars for the first offense and Two Hundred Dollars ($200.00) for each offense thereafter. A separate offense shall be deemed committed for each day during which or on which a violation occurs or continues to occur.

Appellant's Appendix at 17–18.

Doe is a resident of Marion County. In 2001, Doe was convicted of the offense of child exploitation and possession of child pornography. After a period of incarceration, Doe was placed on probation, which expired in August 2004. Doe's name is listed on Indiana's Sex Offender Registry. Doe has joint custody of his six-year-old son. Doe and his son have visited Splash Island and Hummel Park, which are both owned by Plainfield. In June 2005, a Plainfield police officer contacted Doe and informed him that he was not allowed in the parks in Plainfield because his name was on Indiana's Sex Offender Registry. In the summer of 2005, Doe wrote a letter to Plainfield's Chief of Police that notified Plainfield that he had previously sued other entities and threatened to sue Plainfield.

On November 17, 2005, Doe filed a complaint against Plainfield seeking a declaratory judgment that Section 18 of the ordinance is unconstitutional and injunctive relief prohibiting Plainfield from enforcing Section 18. Doe also filed a verified motion to allow him to proceed anonymously. The trial court granted Doe's motion and also ordered that Doe's counsel serve a copy of "the Verified Motion to Allow Plaintiff to Proceed by Anonymous Name signed by plaintiff in his actual name on [Plainfield]'s counsel." *Id.* at 26. On December 27, 2005, Doe's attorney sent a letter to Plainfield's attorney which revealed Doe's actual name.

On January 31, 2006, Plainfield requested the trial court to reconsider its order. Doe filed a memorandum in opposition to Plainfield's motion to reconsider and attached newspaper articles regarding the lawsuit and an affidavit that stated that Doe and his child had been subject to threats of violence. The trial court granted Plainfield's motion and ordered that the disclosure of the identity of Doe be stayed for thirty days or until a ruling on any interlocutory appeal. Upon Doe's request, the trial court certified the order for interlocutory appeal. Thereafter, we accepted jurisdiction of the interlocutory appeal pursuant to Ind. Appellate Rule 14(B).

 Although anonyms have appeared in Indiana state cases,[1] there is no

---

1. *See Doe v. O'Connor,* 790 N.E.2d 985, 986 (Ind.2003) (not addressing the issue directly but noting that "John Doe, a man previously convicted of a sex offense who has completed his sentence, contends that he has a constitutional right to a court hearing on whether he

reported Indiana decision where the use of an anonym has been challenged. Hence, we have no specific criteria to apply. There is, however, a body of federal law on the issue of when the use of an anonym is permitted. We find that law helpful and look to it for guidance in resolving the issue here. A trial court's ruling on a request to proceed anonymously is reviewed for an abuse of discretion. *See M.M. v. Zavaras,* 139 F.3d 798, 799 (10th Cir.1998) (addressing "whether the district court abused its discretion by denying plaintiff leave to proceed under a pseudonym"); *Doe v. Indiana Black Expo, Inc.,* 923 F.Supp. 137 (S.D.Ind.1996) ("[T]he federal courts of appeal and a number of district courts have recognized that a district court may have the *discretion* to permit a party to proceed under a fictitious name.") (emphasis added); *Doe v. Frank,* 951 F.2d 320, 322–323 (11th Cir.1992) (addressing whether a plaintiff may proceed under a fictitious name under an abuse of discretion standard); *Lindsey v. Dayton–Hudson Corp.,* 592 F.2d 1118, 1125 (10th Cir.1979) (considering plaintiff's "right to proceed under the fictitious John Doe name to preserve his anonymity" and holding "[w]e believe that the proper standard of review upon appeal is whether the trial court abused its discretion"), *cert. denied,* 444 U.S. 856, 100 S.Ct. 116, 62 L.Ed.2d 75 (1979). The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law. *McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175, 180 (Ind.1993).

The Indiana Trial Rules address the use of names when filing a pleading. Ind. Trial Rule 10, which addresses the form of pleading, states in pertinent part:

(A) Caption—Names of parties. Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(A). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

Ind. Trial Rule 17 states in pertinent part that "[e]very action shall be prosecuted in the name of the real party in interest."

Ind. Trial Rules 10 and 17 are similar to Federal Rules of Civil Procedure 10 and 17.[2] "The Indiana Trial Rules were pat-

---

poses any future danger to society before his picture and address are posted"); *Villegas v. Silverman,* 832 N.E.2d 598, 603 n. 8–9 (Ind. Ct.App.2005) (noting that the names used in the opinion were anonymous), *reh'g denied, trans. dismissed; Doe v. United Methodist Church,* 673 N.E.2d 839, 839 n. 1 (Ind.Ct. App.1996) (noting that "[d]ue to the sensitive nature of the case, we have, on our own motion, not disclosed the identities of the parties involved"), *trans. denied; A.M. v. Roman Catholic Church,* 669 N.E.2d 1034, 1034 n. 1 (Ind.Ct.App.1996) (noting that "[d]ue to the sensitive nature of the case, we have, on our own motion, not disclosed the identities of the parties involved"), *trans. denied; R.E.G. v. L.M.G.,* 571 N.E.2d 298, 298 n. 1 (Ind.Ct. App.1991) (because parties to dissolution were at risk of developing AIDS, court grant-

ed party's request to employ initials in place of names in opinion to protect their privacy); *In re Adoption of Infant Male,* 177 Ind.App. 138, 138 n. 1, 378 N.E.2d 885, 885 n. 1 (1978) (noting that "[t]he caption and the names in the opinion have been changed to protect the adopted child").

2. Federal Rule of Civil Procedure 10 states, in part:

Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

terned after the federal rules of civil procedure, and thus, because of the lack of Indiana case law on point, it is helpful to look at decisions in the federal system." *Brewer v. Brewer*, 403 N.E.2d 352, 354 (Ind.Ct.App.1980); *see also Reeder v. Harper*, 788 N.E.2d 1236, 1241 (Ind.2003) (finding cases interpreting the federal rules of civil procedure persuasive in interpreting the Indiana trial rules).

In federal courts, the use of fictitious names is disfavored. *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir.1997). Federal Rules of Civil Procedure 10 and 17 "are not a matter of mere administrative convenience for court staff and counsel. They also protect the public's legitimate interest in knowing which disputes involving which parties are before the federal courts that are supported with tax payments and that exist ultimately to serve the American public." *Indiana Black Expo, Inc.*, 923 F.Supp. at 139. "Notwithstanding the powerful presumption in favor of open proceedings where the parties are identified, the federal courts of appeal and a number of district courts have recognized that a district court may have the discretion to permit a party to proceed under a fictitious name." *Id.* "This unusual practice has been permitted in exceptional cases where the party has a privacy right so substantial as to outweigh the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal citation omitted).

"There is no simple formula for determining when this unusual procedure is appropriate." *Id.* "Courts dealing with requests to proceed under fictitious names have avoided trying to articulate any mechanical legal test." *Id.* at 140. "They have instead identified a number of factors

that should be considered to determine whether a plaintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of litigants." *Id.*

■ These factors include: (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; (5) whether the party defending against a suit brought under an anonym would be prejudiced; (6) whether the interests of children are at stake; (7) whether there are less drastic means of protecting legitimate interests of either the party seeking anonymity or the opposing party; (8) the extent to which the identity of the litigant has been kept confidential; and (9) the public interest in knowing the litigant's identities. *See Indiana Black Expo, Inc.*, 923 F.Supp. at 140 (relying on *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y.1996)); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.1981), *reh'g denied; James v. Jacobson*, 6 F.3d 233, 241 (4th Cir.1993)); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 467–468 (E.D.Pa.1997). These factors are not meant to comprise an inclusive list of factors to be exclusively considered when determining the propriety of anonymous litigation. *Provident Life & Accident Ins. Co.*, 176 F.R.D. at 468.

■ "[A] judge presented with a request to proceed under a fictitious name should carefully review all the circumstances of the given case and then decide 'whether the customary practice of disclosing the plaintiff's identity should yield to

---

Federal Rule of Civil Procedure 17 states that "[e]very action shall be prosecuted in the

name of the real party in interest."

the plaintiff's privacy concerns.'" *Indiana Black Expo, Inc.*, 923 F.Supp. at 140 (quoting *Frank*, 951 F.2d at 323). "Against the backdrop of the presumption in favor of public disclosure, therefore, the court will review and then evaluate the nature of plaintiff's claims, his asserted need for privacy, and the defendants' interests in public disclosure of the plaintiff's name."[3] *Id.*

■ Doe argues that four factors are relevant to this analysis. Specifically, Doe argues that the following factors support his position: (A) he is challenging governmental action; (B) disclosure of Doe's name would subject him to threats of physical harm to himself and his child; (C) Plainfield will not be prejudiced by the anonymity of Doe's name; and (D) there is no strong public interest in the disclosure of Doe's name. We find these four factors relevant to this analysis. *See Does v. City of Indianapolis, Ind.*, 2006 WL 2289187, 1–2 (S.D.Ind. Aug.7, 2006) (addressing sex offenders' request to anonymously challenge a county ordinance and finding these four factors relevant to the court's analysis). Additionally, Plainfield argues that Doe has waived his claim of anonymity because of the letter he sent to Plainfield's Chief of Police in the summer of 2005. Plainfield's argument appears to relate to the factor involving the extent to which the identity of the litigant has been kept confidential. We will address each of these five factors separately.

## A. *Challenging Governmental Action*

■ Doe argues that the fact that he is challenging governmental action supports

---

3. Neither party mentions Ind. Admin. Rule 9, which "[p]ursuant to the inherent authority of the Indiana Supreme Court and pursuant to Indiana Code § 5–14–3–4(a)(8) . . . governs public access to, and confidentiality of, court records." Ind. Admin. Rule 9(A) states, in part:

(2) The purposes of this rule are to:
(a) Promote accessibility to court records;
(b) Support the role of the judiciary;
(c) Promote governmental accountability;
(d) Contribute to public safety;
(e) Minimize the risk of injury to individuals;
(f) Protect individual privacy rights and interests;
(g) Protect proprietary business information;
(h) Minimize reluctance to use the court system;
(i) Make the most effective use of court and clerk of court staff;
(j) Provide excellent customer service; and
(k) Avoid unduly burdening the ongoing business of the judiciary.

The Commentary to Ind. Admin. Rule 9(A) states, in part:

This rule attempts to balance competing interests and recognizes that unrestricted access to certain information in court records could result in an unwarranted invasion of personal privacy or unduly increase the risk of injury to individuals and businesses. This rule recognizes there are strong societal reasons for allowing public access to court records and denial of access could compromise the judiciary's role in society, inhibit accountability, and endanger public safety.

This rule starts from the presumption of open public access to court records. In some circumstances; however, there may be sound reasons for restricting access to these records. This rule recognizes that there are times when access to information may lead to, or increase the risk of, harm to individuals. However, given the societal interests in access to court records, this rule also reflects the view that any restriction to access must be implemented in a manner tailored to serve the interests in open access. It is also important to remember that, generally, at least some of the parties in a court case are not in court voluntarily, but rather have been brought into court by plaintiffs or by the government. A person who is not a party to the action may also be mentioned in the court record. Care should be taken that the privacy rights and interests of such involuntary parties or 'third' persons are not unduly compromised.

Ind. Admin. Rule 9(A) and the corresponding commentary suggest a balancing approach instead of a strict interpretation of Ind. Trial Rule 10 and 17.

his request. "As a general proposition, 'where a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong.'" *City of Indianapolis,* 2006 WL 2289187 at 2 (quoting *EW v. New York Blood Center,* 213 F.R.D. 108, 111 (E.D.N.Y.2003)). "In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.* Thus, we conclude that this factor weighs in favor of anonymity.

B. *Threats of Physical Harm*

Doe filed an affidavit with his memorandum in opposition to Plainfield's motion to reconsider, which stated that Doe and his son have been subject to threats and acts of violence. Specifically, Doe claimed that

at his prior residence his vehicle was vandalized on multiple occasions and that his neighbors have harassed his son, attempted to break into his residence, and attempted to set fire to his motor vehicle. Further, Doe claimed that there is media attention[4] about the case and if his name was to become known it "would likely lead to renewed acts of violence and threats." Appellant's Appendix at 58–60. Plainfield concedes that "[t]here is no evidence in the record before this Court to rebut Mr. Doe's affidavit regarding the past incidences of intimidation directed towards him" and "[n]or can Plainfield deny that Mr. Doe may be subjected to future threats and intimidation based upon his sex offender status." Appellee's Brief at 14. Based on the uncontroverted record, we conclude that this factor favors anonymity.[5] *See City of Indianapolis,* 2006 WL 2289187 at 2 (finding plaintiffs' fears that they and their families could be subject to physical harm as a result of participating in the lawsuit were legitimate and considering plaintiffs' affidavits attesting to their fear of physical harm and the

**4.** Doe attached to his affidavit two articles from the Hendricks County Flyer, an article from the Indianapolis Star, and an editorial from the Indianapolis Star. *See* Appellant's Appendix at 61–65.

**5.** Plainfield also argues that due to Doe's crimes his identity is already a matter of public record and "[m]ore importantly, Mr. Doe's name, address, conviction, employer, and picture are readily available to anyone with access to the Internet." Appellee's Brief at 12. Plainfield relies on *Femedeer v. Haun,* 227 F.3d 1244, 1246 (10th Cir.2000), in which the court addressed "whether Utah's sex offender notification scheme, which includes posting information about convicted sex offenders on the Internet, violates the Double Jeopardy and Ex Post Facto Clauses of the U.S. Constitution when applied to offenders who committed their crimes prior to the effective date of the enabling legislation." Plainfield cites the following language from *Femedeer:* "The posting of [the defendant's] identity and other personal information on

the Internet is likely to be more extensive than is the exposure resulting from his name on the caption of this lawsuit." *Femedeer,* 227 F.3d at 1246. *Femedeer* is distinguishable from this case because Doe challenges the use of his name in association with the lawsuit challenging the Plainfield ordinance and not his status as a sex offender. The district court recognized this distinction in *City of Indianapolis,* when it held:

Defendants point out that Plaintiffs' crimes and convictions are matters of public record and their identities can be found on Indiana's sex offender registry. However, Plaintiffs are not challenging the sex offender registry. Rather, they are challenging the City's ordinance. Thus, "the real issue is whether [Plaintiffs] reasonably fear[ ] retaliation based upon [their] challenge of [the ordinance]." *See Doe v. Tandeske,* 2003 WL 24085314 (D.Alaska 2003). *City of Indianapolis,* 2006 WL 2289187 at 2.

plaintiffs' awareness of the fact that persons identified as sex offenders have been subject to violence); *Stegall,* 653 F.2d at 182 n. 6 (holding that evidence on the record indicated that the plaintiffs may expect extensive harassment and perhaps violent reprisals if their identities are disclosed and finding that plaintiffs offered several documentary exhibits, which included local newspaper reports of public reaction to the lawsuit, to bolster their assertions that they might be subjected to retaliatory harassment or violence if their identities were publicly revealed).

### C. *Prejudice to Plainfield*

Doe argues that Plainfield will not suffer any prejudice because he has already disclosed his actual name to Plainfield's counsel. We conclude that this factor favors anonymity. *See City of Indianapolis,* 2006 WL 2289187 at 3 (holding that the defendants would not be prejudiced by allowing plaintiffs to proceed anonymously because plaintiffs fully intended to disclose their identities to the trial court and the defendants).

### D. *Public Interest*

Doe argues that "[t]here is no public interest in knowing the identity of the particular person who brought the case." Appellant's Brief at 15. The public interest present in this case is "not in being able to identify any one Plaintiff, but in being able to follow the case to determine how the constitutional issues are resolved." *City of Indianapolis,* 2006 WL 2289187 at 3 (relying on *Provident Life & Accident Ins. Co.,* 176 F.R.D. at 468) ("[Plaintiff]'s use of a pseudonym will not interfere with the public's right or ability to follow the proceedings. Indeed, this court intends to keep the proceeding open to the public while still maintaining the confidentiality of plaintiff's identity.") Thus, we conclude

that this factor weighs in favor of anonymity. *See, e.g., id.*

### E. *Extent that Identity of Doe Has Been Kept Confidential*

Plainfield argues that Doe has waived his right to claim a need for anonymity because he wrote a letter to Plainfield's Chief of Police in which Doe threatened legal action against Plainfield, informed Plainfield that he had previously filed suit against government agencies as a result of his sex offender status, and identified himself and his son. However, nothing in the letter connects Doe to this case except what Plainfield's counsel knows. Thus, the letter does not constitute a legal waiver.

In summary, all relevant factors favor anonymity and we conclude that Doe's need for anonymity outweighs the presumption of openness in judicial proceedings. *See City of Indianapolis,* 2006 WL 2289187 at 2. Thus, we conclude that the trial court abused its discretion when it granted Plainfield's motion to reconsider and denied Doe's request to proceed anonymously.

For the foregoing reasons, we reverse the trial court's grant of Plainfield's motion to reconsider and remand for proceedings consistent with this opinion.

Reversed and remanded.

KIRSCH, C.J. and MATHIAS, J. concur.