**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Nov 16 2012, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KENT HULL**
Indiana Legal Services, Inc.
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL RAMOS, | ) | |
| | ) | |
| Appellant-Defendant/Counterclaimant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1203-SC-107 |
| | ) | |
| ROBERTSON'S APARTMENTS, | ) | |
| | ) | |
| Appellee-Plaintiff/Counterdefendant. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jenny Pitts Manier, Judge
Cause No. 71D01-1110-SC-8959

**November 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Michael Ramos's landlord sued him in small claims court. Ramos filed a motion requesting appointment of a guardian ad litem ("GAL") pursuant to Indiana Trial Rule 17(C) and a counterclaim. The trial court denied his motion for the appointment of a GAL and found that his prayer for damages in excess of the small claims jurisdictional maximum was deemed waived. On appeal, Ramos argues that the trial court erred in failing to appoint a GAL because his attorney cannot act as both attorney and GAL. He also argues that he did not waive his request for damages in excess of the jurisdictional limit because his counterclaim was timely filed. We conclude that Ramos waived his argument that the trial court erred in denying his motion for appointment of GAL. We further conclude that his request for damages in excess of the small claims jurisdictional maximum is waived pursuant to Indiana Small Claims Rule 5(B). Therefore, we affirm.

**Facts and Procedural History**

Ramos is a tenant in Robertson's Apartments. Robertson's filed a notice of claim against Ramos in small claims court, alleging that he owed rent and requesting immediate possession. Ramos filed an answer and counterclaim. In his counterclaim Ramos alleged, in relevant part, that Robertson's was nonhabitable, that Robertson's had committed fraud and breached its lease with Ramos, and that Robertson's was operating a nuisance. He also requested compensatory and exemplary damages exceeding $10,000 and that the court establish a receivership to take control of Robertson's.

2

In addition, Ramos's counsel filed a verified motion for appointment of a GAL, which reads as follows:

1. I have met with Mr. Ramos in person and talked with him repeatedly on the telephone. It is clear to me that Mr. Ramos is mentally competent and capable of understanding the claim against him.

2. However, Mr. Ramos is an individual with a disability, as evidenced by his use of a wheelchair. He states that his disability is the result of paraplegia caused by injuries suffered in an automobile accident more than 20 years ago. Mr. Ramos receives federal Social Security disability benefits. He was able to come to my office only because a Real Services home health aide brought him to the office and pushed his wheelchair up grades.

3. I also observe that, while Mr. Ramos is mentally competent and intelligent, his ability to communicate is impeded by his anxiety about the circumstances of his case. It is at times very difficult for him to focus his thoughts and speech to communicate coherently with me about the facts of this case. He has a case manager assigned through Real Services.

4. I recognize [Indiana Rule of Professional Conduct 1.14], which provides:

> Rule 1.14  Client with Diminished Capacity
>
> (a)    When a client's capacity to make adequately considered decisions in connection with a representation is diminished, whether because of minority, mental impairment or for some other reason, the lawyer shall, as far as reasonably possible, maintain a normal client-lawyer relationship with the client.
>
> (b)    When the lawyer reasonably believes that the client has diminished capacity, is at risk of substantial physical, financial or other harm unless action is taken and cannot adequately act in the client's own interest, the lawyer may take reasonably necessary protective action, including consulting with individuals or entities that have the ability to take action to protect the client and, in appropriate cases, seeking the appointment of a guardian ad litem, conservator or guardian.
>
> ….

5. My professional judgment is that, in order to represent Mr. Ramos in this case, I need the appointment of a G.A.L. While I can be the attorney, I cannot be both attorney and G.A.L. I cannot, under the cited R.P.C., be both the advocate and the decision maker for the client.

Appellant's App. at 11-12.

The trial court issued an order, which provides in pertinent part,

Defendant's Motion for Appointment of Guardian Ad Litem is denied. Defendant has a case worker though Real Services and an attorney representing his interests in this matter.

Defendant's prayer for damages in excess of the jurisdictional limit is deemed waived.

*Id.* at 3. Ramos appeals.

## Discussion and Decision

As an initial matter, we note that Robertson's has not filed an appellee's brief.

When an appellee has not filed an answer brief, we need not undertake the burden of developing an argument on the appellee's behalf. Rather, we may reverse the trial court if the appellant presents a case of prima facie error. Prima facie error means at first sight, on first appearance, or on the face of it. If an appellant does not meet this burden, we will affirm.

*Henderson v. Henderson*, 919 N.E.2d 1207, 1210 (Ind. Ct. App. 2010).

## I. Denial of Appointment of GAL

Ramos challenges the denial of his motion to appoint a GAL. Ramos moved for appointment of a GAL pursuant to Indiana Trial Rule 17(C), which provides in relevant part, "If an infant or incompetent person is not represented, or is not adequately represented, the

4

court shall appoint a guardian ad litem for him."[1] The purpose of the rule has been described

as follows:

> The purpose of appointing a guardian ad litem for a party litigant is to protect the person under disability, and the trial court should appoint a guardian ad litem when reasonably convinced that a party litigant is not competent, understandingly and intelligently, to comprehend the significance of legal proceedings and the effect and relationship of such proceedings in terms of the best interests of such party litigant.

53 Am. Jur. 2d *Mentally Impaired Persons* § 162 (2012).

Indiana courts have rarely had occasion to interpret Trial Rule 17(C) as it applies to

incompetent persons. However, in *Brewer v. Brewer*, 403 N.E.2d 352, 354 (Ind. Ct. App.

1980), we compared our rule to its federal and state counterparts and adopted the

interpretation most frequently given to the language of Trial Rule 17(C) in the federal system

and our sister states: "the rule does not make the appointment of a guardian ad litem

mandatory, but rather, the power to appoint is discretionary with the court, depending on

whether the court perceives that the interests of the infant or incompetent are adequately

represented and protected." Put another way, Trial Rule 17(C) gives the trial court the

discretion to determine whether an incompetent person is adequately represented in the

proceedings such that no guardian ad litem is necessary. *See id.*; *see also In re Adoption of

B.C.S.*, 793 N.E.2d 1054, 1060 (Ind. Ct. App. 2003) (referring to Trial Rule 17(C) with

regard to minors and stating that "the trial court has discretion to determine whether a minor

---

[1] In probate proceedings, statutory rules are also applicable. *See* Ind. Code Title 29, Article 3. For example, Indiana Code Section 29-3-2-3 uses language similar to Trial Rule 17(C), providing that "the court shall appoint a guardian ad litem to represent the interests of the alleged incapacitated person or minor if the court determines that the alleged incapacitated person or minor is not represented or is not adequately represented by counsel."

5

is adequately represented in the proceedings such that no guardian ad litem is necessary."). As such, the trial court was not required to appoint a GAL merely because Ramos requested it.

On appeal, Ramos asserts that the "trial court committed reversible error in refusing to appoint[] a GAL because neither the attorney for Mr. Ramos nor the social worker may function as a GAL." Appellant's Br. at 6. Ramos's argument is based on the concept that "[b]ecause a guardian ad litem's duty is to determine the best interests of his or her ward without necessary reference to the wishes of the ward, whereas the professional responsibility code requires that an attorney zealously represent the wishes of his or her client, an attorney should not be appointed as guardian ad litem." 53 Am. Jur. 2d *Mentally Impaired Persons* § 165 (2012). However, Ramos's argument presupposes that he is incompetent and requires both an attorney to advocate for his wishes and a GAL to determine what is in his best interests. His argument largely ignores the threshold question: whether the trial court erred in finding that the appointment of a GAL was unnecessary.

In this regard, his argument consists of one sentence: "[Ramos] does contend that his limitations as an adult with disabilities justified the appointment of a GAL." Appellant's Br. at 7. Surely Ramos does not contend that every adult with disabilities such as his is unable to make decisions as to his or her best interests. Without more, we cannot find that the trial court abused its discretion in this matter. In addition, Ramos only once cites the applicable rule, Indiana Trial Rule 17(C). *Id.* at 9. Accordingly, Ramos has waived his argument by failing to present a cogent argument. *See* Ind. Appellate Rule 46(A)(8)(a) ("The argument

6

must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22."); *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (failure to present a cogent argument waives that issue for appellate review), *trans. denied*.

## II. *Waiver of Damages in Excess of Jurisdictional Maximum*

Ramos also argues that the trial court committed reversible error in finding that his request for damages in excess of the small claims jurisdictional limit should be deemed waived. He contends that his request is not waived because he timely filed his counterclaim. Ramos misapprehends the reason for the waiver; it is not based on the date that he filed his counterclaim. Although the trial court did not provide its basis for deeming Ramos's prayer for damages in excess of the jurisdictional maximum waived, it appears that the waiver occurs by virtue of Small Claims Rule 5(B), which provides, "Any defendant pursuing a counterclaim to decision waives the excess of the defendant's claim over the jurisdictional maximum of the small claims docket and may not later bring a separate action for the

remainder of such claim."[2]   By choosing to pursue his counterclaim in small claims court,

Ramos has waived damages in excess of the jurisdictional maximum.  Therefore, we affirm.

Affirmed.

RILEY, J., and BAILEY, J., concur.

---

[2] Indiana Code Section 33-29-2-4(b) provides in relevant part,

The small claims docket has jurisdiction over the following:

(1) Civil actions in which the amount sought or value of the property sought to be recovered is not more than six thousand dollars ($6,000).  The plaintiff in a statement of claim or the defendant in a counterclaim may waive the excess of any claim that exceeds six thousand dollars ($6,000) in order to bring it within the jurisdiction of the small claims docket.