# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 29, 2014 Session

## THOMAS D. McCLURE, SR. v. LINDA BENTLEY McCLURE

**Appeal from the Circuit Court for Hawkins County**
**No. 09CV0087     Douglas T. Jenkins, Chancellor[1]**

_____

### No. E2014-00412-COA-R3-CV-FILED-MARCH 30, 2015

_____

The issue presented in this divorce appeal is whether the trial court erred in refusing to appoint a guardian ad litem for Thomas D. McClure, Sr. (Husband), and proceeding to trial in Husband's absence after he was duly notified of the trial date. Finding no abuse of discretion, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Rebecca D. Slone, Dandridge, Tennessee, for the appellant, Thomas D. McClure, Sr.[2]

Linda B. McClure, West Palm Beach, Florida, appellee, pro se.

_____

[1] Sitting by interchange.

[2] On November 1, 2014, after this appeal had been briefed and orally argued, Husband died. The Estate of Thomas D. McClure Sr., was substituted in his stead pursuant to Tenn. R. App. P. 19.

1

# OPINION

## I.

Husband filed this action on February 17, 2009. Linda B. McClure (Wife) filed an answer and counterclaim for divorce on February 27, 2009. Four years later, on April 23, 2013, Husband filed a "motion for declaratory ruling" alleging as follows:[3]

> 1. [Husband] is elderly, is an amputee and in bad health.
>
> 2. Sharon McClure, [Husband's] daughter has Power of Attorney from [Husband].
>
> 3. Sharon McClure has held this Power of Attorney for several years and has conducted all business for [Husband] and has personal knowledge of all facts relevant to the divorce.
>
> 4. In the interest of judicial economy it would be beneficial to allow Sharon McClure to use the Power of Attorney to prosecute the divorce.

On July 12, 2013, the trial court entered an order that provides, in pertinent part, as follows:

> THIS matter came before the Court this May 23, 2013, on the Motion for Declaratory Ruling and Motion for a Scheduling Conference filed by [Husband]. . . . [Husband] did withdraw his Motion for Declaratory Ruling. . . . Counsel for the [Husband] did bring to the Court's attention the illness of the [Husband] and related need for relief of the Local Rule requirement for mediation prior to setting trial. Counsel for both parties represented to the Court willingness to mediate without a formal mediator. Therefore it is, ORDERED
>
> 1. [Husband] is allowed to withdraw his motion, making moot Defendant's Response;

---

[3] The record does not explain the period of inactivity between the filing of the complaint and the filing of the motion.

2

2. Given the unique circumstances of this case, the formal mediation requirement of the Local Rules [is] waived and the parties may proceed without benefit of formal mediation, but counsel are to conduct a good faith effort to mediate this dispute;

3. Trial is set for September 11, 2013[.]

(Capitalization in original.)

On July 15, 2013, Husband filed a "motion to quash notice of deposition" alleging that he "is elderly and an amputee and unable to travel at this time and resides in the State of Michigan." Attached to the motion was a faxed letter from a nurse practitioner in Michigan stating,

> Mr. McClure is under my care and is resident at Legacy Assisted Living in Jackson, Michigan. He unfortunately has several cardiac conditions which require him to be maintained on important medications. Without them his physical condition would most likely deteriorate. He also has an above the knee amputation to his right leg which would impact transporting him as he does not have a prosthesis and requires use of a wheelchair.
>
> I do not want Mr. McClure to be taken from the facility out of state due to the risk to his health.

The motion to quash was filed three days *after* Husband's properly-noticed deposition was scheduled to occur and neither Husband nor his attorney had appeared for the deposition. Wife's counsel provided documentation establishing (1) that Husband had been properly notified of his deposition scheduled for July 12, 2013; (2) that neither husband nor someone acting on his behalf was present for the deposition; and (3) that Wife was not notified of any objection to the deposition prior to its scheduled date.

On September 9, 2013, two days before trial, Husband's attorney, John S. Anderson, filed a petition asking the trial court to appoint a guardian ad litem for Husband. The motion alleged that "[m]edical records have recently been provided to the Attorney for [Husband] that indicate[] that the [Husband] is mentally incompetent." The trial court entered an order on September 19, 2013, stating:

3

THIS matter came before the Court September 11, 2013, the matter set for Trial on the merits. Prior to the taking up of the matter, the Court took up the Motion of the [Husband] that alleged that [Husband] was in need of a Guardian ad Litem, although filed untimely. *Counsel represented to the Court that he was in possession of medical records reflecting [Husband's] need for conservatorship*, and that he had just learned of the need for a conservatorship upon the disclosure by Sandra McClure, and that he had no earlier basis to believe that his client may be in need of a guardian ad litem.

Sandra McClure is a daughter of the [Husband who] received the majority of gifts [from Husband], $108,513.70, alleged to be gifts in violation of Tenn. Code Ann. § 36-4-106(d)(1)[4] and *it was conceded by counsel for [Husband] that the subpoenaed bank records reflect the gifts. It was conceded by counsel that the subpoenaed insurance documents also include violations of Tenn. Code Ann. § 36-4-106(d)(2) which benefit Sandra McClure, and several of her siblings.* Counsel for [Husband] represented that Sandra McClure disclosed that

---

[4] Tenn. Code Ann. § 36-4-106(d)(1) provides in pertinent part:

(d) Upon the filing of a petition for divorce . . . the following temporary injunctions shall be in effect against both parties until the final decree of divorce or order of legal separation is entered, the petition is dismissed, the parties reach agreement, or until the court modifies or dissolves the injunction, written notice of which shall be served with the complaint:

(1)(A) An injunction restraining and enjoining both parties from transferring, assigning, borrowing against, concealing or in any way dissipating or disposing, without the consent of the other party or an order of the court, of any marital property. Nothing herein is intended to preclude either of the parties from seeking broader injunctive relief from the court.

\*       \*       \*

(2) An injunction restraining and enjoining both parties from voluntarily canceling, modifying, terminating, assigning, or allowing to lapse for nonpayment of premiums, any insurance policy, . . . where such insurance policy provides coverage to either of the parties or the children, or that names either of the parties or the children as beneficiaries without the consent of the other party or an order of the court. "Modifying" includes any change in beneficiary status.

4

any response by Legacy Assisted Living and Alzheimer's Center, LLC, would also disclose that Plaintiff, Thomas D. McClure, was incompetent.

Counsel for [Husband] did not present any medical record or any physician affidavit in support of his motion. Counsel for [Husband], believing that he did have such documents was allowed to depart the Court to seek the documents. Court took an approximate one hour recess to allow counsel an opportunity to support his motion. *Upon the return to Court [Husband's] counsel conceded that he held no medical record or any document which reflected any medical treatment or medical finding that [Husband] suffered any dementia or other condition necessitating a guardian ad litem.*

\* \* \*

As no proof was available, and the matter had been continued for more than four years, the Court denied the Motion to Appoint Guardian Ad Litem.

Upon the Court's action counsel for the [Husband], representing to the Court the ethical dilemma he was in given the conflicts in proof and suggested direction from the Tennessee Board of Professional Responsibility, did move to withdraw and that his client be given 30 days to obtain replacement counsel. The Court granted the motion, but took notice that the matter has been on the docket far too long, that [Wife] is prejudiced and directed that the matter be rescheduled as soon as practical.

(Capitalization in original; emphasis and footnote added.) Trial was rescheduled for October 30, 2013.

On the late afternoon of October 29, 2013 – the day before trial – Husband's former attorney, John S. Anderson, filed two motions. The first, captioned "renewed motion for guardian ad litem," states as follows:

Comes now the Attorney for the [Husband] and would move this Court to appoint a Guardian ad Litem for [Husband] Thomas McClure, Sr. and in support would state as follows;

5

> Attorney for [Husband] has spoken with the Doctor and Psychiatrist for the [Husband] and has confirmed that the [Husband] is physically and mentally incompetent.
>
> Wherefore premises considered; that this Court appoint a Guardian ad Litem for the [Husband] or in the alternative appoint a temporary Guardian ad Litem for the [Husband] to investigate the need for a Guardian ad Litem throughout the litigation.

The second motion was a motion for continuance that states, in pertinent part, as follows:

> [Husband] is incompetent and [Wife] sent the Notice of Hearing to him at Legacy Assisted Living Facility in Michigan, an Alzheimer's Treatment Facility. To allow this hearing on October 30, 2013 is a travesty of justice.
>
> Attorney, John S. Anderson has spoken with the staff personally at Legacy Assisted Living and has verified that Thomas D. McClure, Sr. is incompetent mentally and physically.
>
> WHEREFORE PREMISES CONSIDERED; [Husband] moves this Court to continue the hearing the [Wife] has set on October 30, 2013.

(Capitalization in original.)

The divorce trial took place on October 30, 2013. Neither Husband nor anyone representing him was in attendence. There is no transcript of the trial proceedings in the record before us. That same day, the trial court entered three orders. The first order declared that any funds in Husband's name on deposit with First Tennessee Bank, including two specifically identified accounts, were divested from Husband and awarded to Wife. The second order is the trial court's final judgment awarding Wife a divorce and dividing the marital property. Both of these orders were file-stamped for entry on October 30, 2013 at 10:07 AM.

The trial court's curious third order was entered twenty-eight minutes later, at 10:35 AM. It provides, in its entirety, as follows:

6

This cause came to be heard upon Attorney John S. Anderson's Motion to Reenter Case.

At this time, Attorney John. S. Anderson is permitted to re-enter the case as Attorney for Thomas McClure, Sr./Plaintiff and is granted a minimum of (30) thirty days to prepare for trial.

On November 18, 2013, Husband filed a motion to set aside the divorce judgment. In the motion, Husband asked the trial judge, who had presided over the case up to that point, The Honorable John K. Wilson, to recuse himself. Judge Wilson did recuse himself and made no further comment or ruling regarding the three orders entered on October 30, 2013. As previously noted, Chancellor Douglas T. Jenkins was appointed to hear the motion by interchange.

After a hearing, the trial court, by way of Chancellor Jenkins, entered an order providing as follows:

The Judgment of October 30, 2013, is affirmed in all respects except for the single issue set out herein;

The Court shall revisit the division of the marital home previously found at 7074 La Christa Way, Knoxville, TN;

Mr. Jack T. Marecic is appointed as *guardian ad litem* of Thomas D. McClure[.]

(Numbering in original omitted.)

After another hearing on March 3, 2014, the trial court entered its final judgment affirming in all respects the divorce judgment of October 30, 2013, and denying Husband's motion to set aside. Husband timely filed a notice of appeal and obtained new counsel to pursue this appeal.

II.

The issue presented, as stated by Husband in his brief, is "whether the trial court erred in failing to set aside a divorce judgment when it was entered based upon proof and testimony given in Husband's absence, when Husband was incompetent."

7

III.

In this non-jury case, our standard of review is de novo upon the record of the proceedings below; however, the record comes to us with a presumption of correctness as to the trial court's factual determinations, a presumption we must honor unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). There is no presumption of correctness as to the trial court's legal conclusions. *Kendrick v. Shoemake*, 90 S.W.3d 566, 569 (Tenn. 2002); *Campbell v. Florida Steel Corp*., 919 S.W.2d 26, 35 (Tenn. 1996).

IV.

The only argument presented by Husband as a ground for reversal on appeal is his assertion that the trial court should have appointed a guardian ad litem for him before trial. Husband cites Tenn. R. Civ. P. 17.03, which provides:

> Whenever an . . . incompetent person has a representative, such as a general guardian, conservator, or other like fiduciary, the representative may sue or defend on behalf of the . . . incompetent person. If an . . . incompetent person does not have a duly appointed representative, or if justice requires, he or she may sue by next friend. The Court shall at any time after the filing of the complaint appoint a guardian ad litem to defend an action for an . . . incompetent person who does not have a duly appointed representative, or whenever justice requires.

Husband did have legal representation of his own choosing for the proceedings below. Even after his attorney was allowed to withdraw and Husband was provided adequate notice and opportunity to find new counsel, attorney Anderson apparently continued to represent him, as demonstrated by his October 29, 2013 filings. Moreover, Husband also had "a duly appointed representative" in his daughter, who had a power of attorney that was never questioned or challenged. Husband argues that the portion of Rule 17.03 allowing a court to appoint a guardian ad litem "whenever justice requires" is applicable and controlling here.

In *Gann v. Burton*, 511 S.W.2d 244, 246-47 (Tenn. 1974), the Supreme Court construed Rule 17.03 and observed the following:

> It would seem that this phrase ["or whenever justice requires"] places the appointment of the guardian ad litem

within the sound discretion of the trial judge and requires the trial judge to appoint the guardian ad litem whenever justice requires. This interpretation is buttressed by the Committee Comment to Rule 17.03 wherein it is stated that:

> Rule 17.03 establishes a uniform practice, and, when justice requires, allows suit by next of friend and requires that the court appoint a guardian ad litem.

> Thus, we hold that Rule 17.03 requires the trial judge to evaluate the total situation surrounding the infant or incompetent and then, if justice requires, a guardian ad litem must be appointed. However, said appointment is discretionary and this Court will not overrule the trial judge's decision unless there is an abuse of the judge's discretion.

Under *Gann*, we review the trial court's decision not to appoint a guardian ad litem under an abuse of discretion standard. Here, the trial court did not make a finding that Husband was incompetent. The court correctly observed that Husband's attorney presented no evidence that Husband was mentally incompetent. The transcript of the September 11, 2013 hearing on attorney Anderson's first motion to appoint a guardian ad litem is in the record. It fully supports the trial court's findings in its September 19, 2013 order that "Counsel [Anderson] represented to the Court that he was in possession of medical records reflecting [Husband's] need for conservatorship," but that he didn't bring them to court, and then, after a recess, "[u]pon the return to Court [Husband's] counsel conceded that he held no medical record or any document which reflected any medical treatment or medical finding that [Husband] suffered any dementia or other condition necessitating a guardian ad litem."

After attorney Anderson was permitted to withdraw, Husband was given adequate time to find new counsel, and he was given adequate notice of the rescheduled trial date of October 30, 2013. He does not contend otherwise on appeal. On the day before trial, at 3:59 PM, attorney Anderson filed his motion for continuance and his second motion for appointment of a guardian ad litem. Despite being fully aware that the trial court would require proof of incompetency, and having had roughly 50 days to procure such medical proof, Anderson again relied only on his own unsubstantiated statement that he "has spoken with the Doctor and Psychiatrist for the [Husband] and has confirmed that the [Husband] is physically and mentally incompetent." We find no abuse of discretion in the trial court's decision not to appoint a guardian ad litem for Husband.

Nor do we find an abuse of discretion in the trial court's decision to conduct the trial on October 30, 2013, as scheduled. This case had been on the docket over four years at that point. Husband, or his attorney, had engaged in a pattern of arguably dilatory tactics and untimely last-minute filings. The trial had already been continued once, as a result of Anderson's first motion for guardian ad litem filed two days before the trial was scheduled. Wife objected to the delays. In its September 19, 2013, order, the trial court found "that the matter has been on the docket far too long" and that Wife had suffered prejudice thereby. Further, Wife raised valid concerns, supported by proof, that Husband was dissipating the marital estate through improper gifts to his children and by changing the beneficiaries on life insurance policies, in violation of Tenn. Code Ann. § 36-4-106(d) (2014). In addition to the statutory injunction mandated by that section, the trial court entered three separate restraining orders against Husband designed to protect certain assets from Husband's improper dissipation.

What remains for consideration is the third order entered by the trial court on October 30, 2013, after the final divorce judgment was entered, which provides that "Attorney, John. S. Anderson is permitted to re-enter the case as Attorney for Thomas McClure, Sr. and [Husband] is granted a minimum of (30) thirty days to prepare for trial." Obviously, to say that this order places the case in an unusual posture is an understatement. The entry of this order roughly at the same time as the divorce judgment was apparently the result of accidental oversight. It can be reasonably argued that Husband was entitled to rely on this order in support of a conclusion that there would be either a continuance or another divorce trial. The inescapable fact, however, in this appeal, is that Husband is now deceased, having died three days after oral argument before us. The trial court has already divided the marital estate in the divorce trial. Husband was afforded due process, having received adequate notice of the trial date. *See Keisling v. Keisling*, 92 S.W.3d 374, 377 (Tenn. 2002) ("Basic due process requires 'notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' "). Husband's failure to participate at trial is not a ground for reversal.

Furthermore, a close examination of Chancellor Jenkins' order of final judgment indicates that the trial court had already conducted a thorough review of the divorce judgment in the context of the motion to set it aside. The order indicates that the trial court considered the proof presented by Husband, including witness testimony, providing as follows in its order:

> THIS CAUSE came on the Motion to Set Aside (Tenn. R. Civ. P. Rule 59) filed on behalf of the [Husband] before Chancellor Douglas Jenkins, by interchange. Taken up first was the [Husband's] Motion for Continuance heard by the

10

Court in part on March 3, 2014. Although additional time to obtain support for the motion had been extended by the Court, no additional support for the Motion was provided by [Husband] and the Court determined to proceed after due consideration of the statement of counsel and the Guardian-Ad-Litem.

\*     \*     \*

The Court then resumed the hearing reset on January 17, 2014, and *took evidence on behalf of the* [*Husband*] provided over objection by daughter of the [Husband] who appeared via telephone. [Husband]'s witness spoke at length of the [Husband]'s mental and physical condition and the services he needed. The Court also took evidence provided by [Wife] as to her needs as [Wife] represented to the Court that she is disabled [and] no longer able to work, drawing Social Security Disability. *The Court carefully considered the equity of the underlying Order, the testimony of the witnesses, representations of the Guardian-Ad-Litem, and the arguments of counsel.* Upon full and careful consideration the Court denied the Motion to Set Aside the Final Order entered October 30, 2013.

(Emphasis added.) Under the circumstances, for this Court to vacate the divorce judgment and remand for a "second divorce trial," when one of the parties to the marriage is deceased, would be a waste of time and resources, and would cause unfair prejudice to Wife, who is apparently in poor health and now resides in Florida. We make this decision mindful of the fact that all of the issues herein are properly reviewed under the relatively deferential abuse of discretion standard. The trial court did not abuse its discretion in its decisions in this case.

V.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, the estate of Thomas D. McClure, Sr. The case is remanded for enforcement of the trial court's divorce judgment and for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE